## STATE v. CLETUS ROWELL.

(Filed 13 December, 1944.)

**Criminal Law § 54a—**

> In a criminal prosecution it is error for the court to instruct the jury, either in the general charge or in response to an inquiry made by the jury, that they may return a verdict with recommendation of mercy, or with other words having reference, necessarily, to the judgment to be rendered by the court, where there is no discretion in the court as to the punishment to be imposed. If the jury return such a verdict voluntarily, their recommendation may be regarded as surplusage.

APPEAL by defendant from *Phillips, J.,* at August Term, 1944, of UNION.

The defendant, Cletus Rowell, was tried upon a bill of indictment charging that he "wilfully, unlawfully and feloniously and of his malice

aforethought did kill and murder one Zeb D. Benton against the form of the Statute in such case made and provided and against the peace and dignity of the State," and the jury returned for "their verdict that the defendant, Cletus Rowell, is guilty of murder in the first degree, and make a recommendation for mercy," whereupon the court pronounced judgment that the prisoner, Cletus Rowell, having "been duly convicted of the felony of Murder in the First Degree," suffer death by asphyxiation. To this judgment the defendant excepted and appealed to the Supreme Court, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*
*W. B. Love and J. F. Milliken for defendant, appellant.*

SCHENCK, J. There appears in the record the following: "After the jury had spent some time in deliberation they returned to the Courtroom and the following took place:

"By the Court: Gentlemen, your officer informs me that you desire further instructions from the Court. Is that correct?

"By Spokesman for the Jury: Yes, sir, what we want to know is if we decide first degree murder can we ask for mercy?

"By the Court: You have that right.

"To this instruction by His Honor the defendant objects and excepts. Exception No. 9."

This exception is preserved and is made the basis of an assignment of error on appeal, and we are constrained to hold that this assignment is well taken and should be sustained.

The question here posed is identical with that involved in *S. v. Matthews,* 191 N. C., 378, 131 S. E., 743, wherein *Connor, J.,* wrote: "Where a verdict of guilty is rendered by a jury, including the words, 'with recommendation of mercy,' or words of similar import, there is authority in this State for holding that such words are surplusage, and that they may be disregarded; *S. v. Stewart,* 189 N. C., 340; *S. v. Snipes,* 185 N. C., 743; *S. v. Hancock,* 151 N. C., 699; *S. v. McKay,* 150 N. C., 813. These causes are recognized by us as authorities, sustaining the holding that recommendation of mercy by the jury, in certain cases, may be disregarded as surplusage. Where the words 'with recommendation of mercy,' or words of similar import, included in, or forming a part of a verdict of guilty, are voluntary on the part of the jury, and are not so included in or made a part of the verdict, in consequence of an instruction to the jury, that they may return a verdict, with such recommendation, the words may be treated as surplusage, and the verdict received, and recorded, as a verdict of guilty. It is well, however, to be

mindful of the words of the late *Chief Justice Hoke,* appearing in the opinion written by him, in *S. v. Murphy,* 157 N. C., 615. In this opin-. ion, writing with wisdom gained from long experience, wide observation and deep reflection, he said : 'Our trial courts should always require that juries in capital cases should definitely and expressly say of what degree of murder they convict the prisoner, and that the verdict should be recorded as rendered. In a case of this kind there should be no room for doubt or mistake.'

"We must hold that it is error for the court to instruct the jury, either in the general charge, or in response to an inquiry made by the jury that they may return a verdict with recommendation of mercy, or with other words having reference, necessarily, to the judgment to be rendered by the court, and that where under the law there is no discretion vested in the court, as to the kind or amount of punishment which may be imposed by the judgment, upon the defendant, the error is prejudicial to defendant. If the jury returns a verdict voluntarily, including the words 'with recommendation of mercy,' or words of similar import, these words may be disregarded as surplusage, if it clearly and definitely appears that the jury, upon a consideration of all the evidence, and under the instructions of the court has agreed upon the verdict as returned by them.

"The identical question presented by this appeal was considered by the Supreme Court of Colorado in *Hackett v. People,* 8 Pac., 574. The question was there presented as follows : 'The jury, after deliberating for a considerable length of time, and being brought into court at their own request, propounded the following question, "Can the jury endorse on the verdict a recommendation of mercy?" To which question, the court answered by a written instruction that they could endorse such recommendation upon their verdict should they desire so to do. Thereupon they retired and soon after returned a verdict of guilty in manner and form as charged in the indictment. They also embraced in such verdict the following: "We, the jury, recommend the defendant to the mercy of the court." ' In the opinion of the Court it is said : 'Thus it appears that some of the jurors were opposed to a conviction for the grade of crime finally found in their verdict, and that they only consented thereto upon condition that the recommendation for mercy be incorporated. They must have been led to suppose, from the court's answer to their question that this might have weight in mitigating the severity of the sentence to be pronounced. Any other explanation of the proceedings would be absurd; and it must be assumed that without such belief the verdict as returned would not have been agreed upon. Yet as the law then stood, the Court was powerless to heed their suggestion. Upon a verdict in this form, it was his duty to pronounce a sentence of

imprisonment for, life. The law fixed the penalty, and he could not subtract a single day. He must either set the verdict aside, and order a new trial, or enter the judgment fixed by the statute. The instruction mentioned was therefore misleading, and under the circumstances a fatal error.' See, also, *Territory v. Griego* (N. M.), 42 Pac., 80, citing with approval *Randolph v. Lampkin* (Ky.), 14 S. W., 538; *People v. Harris* (Mich.), 43 N. W., 1060; *McBean v. State* (Wis.), 53 N. W., 497. See, also, 16 C. J., 1026, sec. 2459; 30 C. J., 432, sec. 682."

For the error above indicated the defendant is entitled to a new trial, and it is so ordered.

New trial.