### STATE v. O. A. DAVIS.

(Filed 23 September, 1953.)

**Criminal Law §§ 53f, 53m—Instruction upon juror's inquiry as to whether they could recommend mercy held without error.**

In this prosecution for drunken driving, the jury several times reported disagreement, and on one of these occasions the foreman asked whether it would be within the jury's right to ask mercy in rendering the verdict. The court instructed the jury that the matter of judgment was the responsibility of the judge and that the jury should arrive at a verdict of guilty or not guilty according to how it found the facts from the evidence in applying the law as given it by the court. *Held:* The occurrence does not entitle defendant to a new trial upon his appeal from a verdict of guilty, and in fact any other instruction would have been improper as tending to influence the jury.

APPEAL by defendant from *Bobbitt, J.,* February Term, 1953, of SURRY. No error.

The defendant was charged with operating a motor vehicle on the highway while under the influence of intoxicating liquor or narcotic drugs. G.S. 20-138. The jury returned verdict of guilty, and from judgment pronounced thereon the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Charles G. Powell, Jr., Member of Staff, for the State.*

*Allen, Henderson & Williams for defendant, appellant.*

DEVIN, C. J. The defendant's motion for judgment as of nonsuit was properly denied. The evidence was sufficient to carry the case to the jury. *S. v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688.

The defendant's assignments of error based upon exceptions noted to rulings of the court in the admission of testimony are without merit. The court's general charge to the jury was free from error, but the defendant noted exception to subsequent instructions given to the jury by the court in response to inquiry from a juror. The circumstances were these: The jury apparently had experienced difficulty in arriving at a verdict. Several times they reported disagreement but were instructed to continue their deliberations. On one of those occasions a juror asked to speak to the court. The court replied he could not have a private conversation with a juror, "You have to return a verdict of guilty or not guilty and no more." However, the court stated if the jury was confused as to a matter of law bearing on the case, he would be glad to give further instructions. Thereupon the foreman asked, "Would it be within our rights to ask mercy in this case in rendering the verdict?" To this the court replied as follows: "Your responsibility is to answer whether or not you find the defendant guilty or not guilty. The matter of the judgment to be pronounced upon the verdict is entirely the responsibility of the judge, and it is not part of your responsibility at all; in arriving at your verdict, you arrive at a verdict of guilty or not guilty according as you find the facts from the evidence and apply the law as given you by the Court. You may retire and deliberate further." Thereafter the jury returned verdict of guilty, and the Court rendered the judgment appealed from.

The exceptions based on these expressions of the trial judge afford insufficient basis upon which to award a new trial.

Evidently some of the jurors were unwilling to agree to a conviction, and if the judge had expressly authorized the jury to recommend mercy in rendering their verdict, it would doubtless have been understood as an intimation that if they agreed to such a verdict the court would be lenient. This would have afforded ground for the claim that the court had improperly influenced the verdict. *S. v. Matthews,* 191 N.C. 378, 131 S.E. 743. Hence it would seem to follow when the judge in effect declined to authorize a verdict in the form suggested, or to authorize more than a verdict of guilty or not guilty, his action should not be regarded as prejudicial to the defendant or held for error.

If the jury of its own motion had added to its verdict a recommendation of mercy, the judge would not have been bound to consider it in pronouncing judgment. Under our system the trial judge may not express or intimate an opinion as to the issuable facts to be found by the jury. Correct instruction as to the law and a fair statement of the evi-

dence limit his responsibility. Equally so the jury must be content to leave to the judge the responsibility imposed upon him to render judgment upon their verdict within the limits prescribed by statute. The minds of the jurors engaged in the trial of a criminal case should not be diverted from the question of the guilt or innocence of the accused under the evidence by improper reference to the significance or *quantum* of punishment possible or probable upon conviction. *S. v. Howard,* 222 N.C. 291, 22 S.E. 2d 917; *S. v. Ward,* 222 N.C. 316, 22 S.E. 2d 922.

We conclude that in the trial there was

No error.