STATE OF NORTH CAROLINA v. EUGENE CLANTON, JR.

No. 736SC595

(Filed 19 December 1973)

Assault and Battery § 15; Criminal Law § 114— defendant's admission of crime — instruction improper

   In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries, the trial court erred in instructing the jury that there was evidence that defendant admitted some of the facts related to the crime, since such instruction assumed a material fact which was not in evidence.

APPEAL by defendant from *Martin (Perry), Judge,* 26 March 1973 Session of Superior Court held in NORTHAMPTON County.

Defendant was charged in a bill of indictment with assault with a deadly weapon with intent to kill inflicting serious injuries.

The State presented evidence which tended to show that on 1 October 1972 at approximately 1:30 a.m. defendant was preparing to leave the B & B Lounge in Jackson, North Carolina; that a group of young males had gathered around the defendant's vehicle, preventing his departure; that defendant got out of his car and engaged in an argument with a member of the group, R. C. Joyner, the prosecuting witness; that defendant shoved Joyner away twice, slapped him, and shot Joyner when he approached defendant a third time.

Defendant, relying upon the right of self-defense, testified in his own behalf that when he emerged from his vehicle to apologize and ask the boys to move, they began to wrap belts around their fists; that he was scared and had tucked a .25 caliber automatic pistol in his pants before emerging from the car; that defendant attempted to shoot over the head of Joyner in an attempt to "scare him off." Defendant then tossed away the weapon and awaited the arrival of the police.

*Attorney General Morgan, by Assistant Attorney General Wood, for the State.*

*Allsbrook, Benton, Knott, Allsbrook and Cranford, by Dwight L. Cranford, for the defendant.*

BROCK, Chief Judge.

Defendant contends that the trial court committed prejudicial errors in its jury charge.

The State had introduced as evidence during the trial a voluntary statement made by the defendant to Deputy Sheriff Otis Wheeler. The statement was read into the record by Officer Wheeler as follows:

> "He said he got ready to leave and backed up the car and some boys walked behind my car, and I heard one of the boys say 'What are you going to do, run over me?' So I stopped and got out of my car and told the boys 'I am not going to run over them [sic]. Do you see this big car?' So all of the boys went around the car. One boy come [sic] up in front of the car and said 'You are not going to move the car.' I stepped out and went to the front part of my car and told the boy that I was going to move it, and if he did not move and get out of the way I would run over him. All of the time the boy started toward me, and I pushed him back and he came back to me again and I slapped him. Some more boys were standing around and I told him I was going to move my car and he said 'No, you are not.' At that time, I pulled my gun and shot him. He fell and I tossed the gun across the car."

Defendant specifically excepts to the portions of the jury charge which read as follows:

> "Now there has been some evidence in this case that the defendant, Eugene Clanton admitted some of the facts

related to the crime that he [sic] alleged to have committed. If you find that the defendant has admitted certain facts related to the crime then you should consider all of the circumstances under which his admission was made in determining whether or not it was a truthful statement made by him at a time prior to the time that he came to trial on this day."

The instruction that there was evidence that defendant admitted some of the facts related to the crime was an assumption by the judge of a material fact which was not in evidence. It constituted an expression of opinion that a fact had been proven. Error committed by the court in expressing an opinion on the facts is virtually impossible to cure. 3 Strong, N. C. Index 2d, Criminal Law, § 170, pp. 138-139.

The remaining assignments of error are not discussed because the questions probably will not arise on a new trial.

New trial.

Judges CAMPBELL and BRITT concur.