State v. Jordan

———————

STATE OF NORTH CAROLINA v. HAZEL FRANKLIN JORDAN

No. 7621SC214

(Filed 18 August 1976)

1. Criminal Law § 120— jury verdict — recommendation of mercy — jury instruction inappropriate

    The general rule in N. C. is that it is error for the court to instruct the jury either in the general charge or in response to an inquiry made by the jury that they may return a verdict with recommendation of mercy, or with other words having reference, necessarily, to the judgment to be rendered by the court.

2. Criminal Law § 120— jury verdict — recommendation of mercy or psychiatric treatment — instruction not prejudicial

    Defendant was not prejudiced where the jury informed the court that it had reached its verdict, the jury foreman then asked the court if the jury might recommend mercy or psychiatric treatment, and the court responded, before he took the verdict, that he would consider any recommendation that the jury made, after the verdict was received, though it would have been more appropriate for the judge to have explained to the jury before taking the verdict that the matter of judgment was not part of their responsibility and was entirely the province of the trial court.

APPEAL by defendant from *Long, Judge.* Judgment entered 26 November 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 10 June 1976.

The defendant, Hazel Franklin Jordan, was charged in separate bills of indictment for assault on Nancy Jordan with the use of a deadly weapon with intent to kill, inflicting serious injury; for discharging a firearm into an occupied dwelling; and for felonious entry with intent to commit a felony. He pleaded not guilty and the State offered evidence tending to show the following:

Defendant was separated from his wife on the night of 17 August 1975 when he went to her trailer and cut the electrical and telephone wires. Michael Potter, who was visiting defendant's wife, Nancy Jordan, opened the door to investigate and the defendant shot at him. The bullet missed, going into the ceiling of the trailer. Before Potter could lock the door, the defendant came into the trailer, chased his wife out the back door into the woods and shot her in the chest. Potter ran next door to Noah Jones's trailer and had Jones call the Sheriff. When defendant's wife beat on the door to be let in, defendant pushed through the door behind her, looking for Potter, saying he was going to kill him. Jones got the defendant's gun away from him and defendant ran. The defendant did not appear drunk or smell of alcohol at the time. He had threatened his wife several times prior to the night of 17 August.

The defendant testified and offered evidence to show that he was drunk at the time and did not remember anything about the night of the alleged offenses. He was also under a psychiatrist's care at the time and had been taking "nerve pills"—two of them on 17 August. He offered into evidence portions of taped conversations with his wife subsequent to 17 August in which she stated to him that he had not broken into Jones's trailer; that he was drunk on the night of 17 August; that he was not responsible for his actions that night; and that she did not want to testify but that "they browbeat her" so she would testify.

The jury returned verdicts of guilty as charged in all three indictments. From judgment imposed that he be imprisoned sixteen to twenty years on the felonious assault charge, eight to ten years on the charge of discharging a firearm into an occupied dwelling, and eight to ten years on the felonious

entry charge, the sentence in the assault charge to run con-currently with the other two sentences, which were to run consecutively, defendant appealed.

*Attorney General Edmisten by Assistant Attorney William F. Briley for the State.*

*Wilson and Morrow by John F. Morrow for defendant appellant.*

HEDRICK, Judge.

The following appears in the record and is the basis of defendant's ninth assignment of error.

"DEPUTY SHERIFF ROLLINSON: The foreman of the jury would like to speak to you.

THE COURT: You will have to bring all the other mem-bers of the jury in, if he wishes to speak to the court.

(The jury returned to the courtroom.)

FOREMAN REPETTO: Your Honor, may I speak to you a second?

THE COURT: Just one moment. It will have to be in open court and on the record. All right, do you have a question?

FOREMAN REPETTO: We have reached our verdict, so the question will not affect our verdict. But our question is, can we, the jury recommend any mercy? And at once—that is, two questions: Can we recommend mercy and then two, can we recommend any psychiatric treatment, or is that purely your decision?

THE COURT: Well, the matter of judgment is entirely a matter for the court, not for the jury. However, I will consider any recommendations that you may make, but I would prefer that we take the verdict before receiving those recommendations."

Based on the foregoing, the defendant contends "the trial court committed prejudicial error in telling the jury that he *would* consider any recommendations that they made." We find this assignment of error to be without merit.

[1]   The general rule in North Carolina is that it is error for the court to instruct the jury "either in the general charge or in response to an inquiry made by the jury, that they may return a verdict with recommendation of mercy, or with other words having reference, necessarily, to the judgment to be rendered by the court." 3 Strong, N. C. Index 2d, Criminal Law, § 120, p. 32, citing *State v. Rowell,* 224 N.C. 768, 32 S.E. 2d 356 (1944).

[2]   The record discloses that before the verdict was taken the jury made it quite clear to the court that it had reached its verdict before it was permitted to ask the court if it could recommend mercy or psychiatric treatment. Furthermore, after the verdict was taken and the defendant's counsel declined to have the jury polled, the foreman stated to the court that "we went to extremes to get the verdict first, before we discussed the question of mercy or psychiatric treatment." While it would have been more appropriate for the judge to have explained to the jury before taking the verdict that the matter of judgment was not part of their responsibility and was entirely the province of the trial court, *State v. Davis,* 238 N.C. 252, 77 S.E. 2d 630 (1953), we do not perceive, under the circumstances of this record, any possible prejudice to the defendant in the court's telling the jury, before he took the verdict, that he would consider any recommendation that it made, after the verdict was received.

The defendant has numerous other assignments of error which we have carefully examined and find to be without merit. The defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.