STATE OF NORTH CAROLINA v. HUBERT TEASLEY, JR., AKA/HUBERT TEASLEY

No. 7612SC539

(Filed 15 December 1976)

Criminal Law § 99— filing false insurance claim — court's comment in disposing of another case

In this prosecution for filing a false insurance claim and conspiracy to file a false insurance claim, the trial judge expressed an

opinion in violation of G.S. 1-180 when, in disposing of an unrelated case by guilty plea during a pause in defendant's case, he stated in the presence of the jury, "What is this, another case of somebody ripping off an insurance company?", and such error was not cured by the court's instruction to the jury that the case disposed of by guilty plea was unrelated to defendant's case or by the court's questioning of jurors as to whether any of them would consider anything regarding the other case as against defendant and whether they understood that the State had the burden of proving guilt.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 28 April 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 9 November 1976.

Defendant was indicted for filing a false insurance claim and conspiracy to file a false insurance claim. Upon entering a plea of not guilty as to both counts, defendant was convicted by a jury on the charges. He was sentenced to imprisonment for a term of ten years on the conspiracy charge and five years on the charge of filing a false return.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Associate Attorney Cynthia Jean Zeliff, for the State.*

*Morgan, Bryan, Jones, Johnson, Hunter & Green, by Robert C. Bryan, for defendant appellant.*

MORRIS, Judge.

After court was convened on the morning of the second day of this case, the trial was delayed to enable defense counsel to interview a witness. During the pause, the court directed the district attorney to call another case for disposition by plea. The jury remained in the jury box but was instructed by the trial judge that the case being heard on the plea of guilty was completely unrelated to the charges against defendant. The district attorney then called *State v. Roosevelt McPherson,* a case which, although factually unrelated to the case *sub judice,* also involved a defendant charged with filing a false claim with an insurance company. When the district attorney explained the nature of the case to the court, the trial judge stated, in the presence of the jury, "What is this, another case of somebody ripping off an insurance company?" The district attorney affirmed that such was the case, whereupon the evidence against McPherson was reviewed, sentence was imposed and defendant's case was recalled.

Upon request of defendant's counsel, the jury was excused, and defendant moved for a mistrial. The motion was denied. The jury returned and was told by the court:

"Ladies and gentlemen, we will resume the trial of the case that we started yesterday. Is there anyone on the jury who has any idea that the case related to Roosevelt McPherson who pled guilty to a similar charge but not related charges in any way connected to this case, is there any member of the jury who would consider anything they heard in the McPHERSON case against this defendant? If so, would you please raise your hand? (NOTE: No one raised his hand) You all understand that the State has the burden of proving guilt or else the defendant is entitled to a verdict of not guilty, is that correct? (NOTE: All indicated that they understood that the State had the burden of proving the defendant's guilt.) . . . You may proceed."

Defendant contends that the trial judge committed prejudicial error when he stated "What is this, another case of somebody ripping off an insurance company?" Defendant also maintains that this error was not corrected by the judge's instructions that the McPherson case was unrelated to defendant's case.

G.S. 1-180, which requires that the trial judge in his jury charge explain the law but express no opinion as to the facts, has been interpreted to forbid the judge's expression of an opinion before the jury at *every* stage of the trial process. *State v. Carriker,* 287 N.C. 530, 215 S.E. 2d 134 (1975) ; *State v. Greene,* 285 N.C. 482, 206 S.E. 2d 229 (1974) ; *State v. Holden,* 280 N.C. 426, 185 S.E. 2d 889 (1972) ; *State v. Smith,* 240 N.C. 99, 81 S.E. 2d 263 (1954). In *State v. Carriker, supra,* the remarks of the trial judge made in the presence of a jury panel shortly before defendant's case was called were held to be within the general prohibition. And in *State v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173 (1954), prejudicial comments made while the trial judge questioned *prospective* jurors were held to be within the rule.

Here, the statement of the learned trial judge ("What is this, another case of somebody ripping off an insurance company?") was made before the jury trying defendant's case. More importantly, it went to the heart of the very issue for which defendant was on trial, that is, whether he defrauded an

insurance company by filing a false claim. By implying that *State v. Roosevelt McPherson* was *"another* case of somebody ripping off an insurance company," the judge opined that defendant was likewise guilty of similar misconduct. This is precisely the type of expression of opinion which is prohibited by G.S. 1-180 and the case law thereunder.

All expressions of opinion, however, do not warrant a new trial. A remark made by the judge in the presence of the jury does not entitle defendant to a new trial if the statement, considered in the light of all the facts and attendant circumstances, is not of such prejudicial nature as could reasonably have had an appreciable effect on the result of the trial. *State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774 (1950). Having determined that the statement by the trial judge constituted an expression of opinion before the jury, we must now determine whether it constitutes prejudicial, reversible error.

Once the trial judge expresses an opinion as to the facts before the jury, the resulting prejudice to the defendant is virtually impossible to cure. *State v. Clanton,* 20 N.C. App. 275, 201 S.E. 2d 365 (1973) ; 3 Strong, N. C. Index 2d, Criminal Law § 170, pp. 138-39. The prejudice is not removed by the judge's instructing the jury not to consider the remarks. *State v. McEachern,* 283 N.C. 57, 194 S.E. 2d 787 (1973) ; *State v. Carter,* 268 N.C. 648, 151 S.E. 2d 602 (1966).

Here, the trial judge instructed the jury that the case disposed of by guilty plea was unrelated to defendant's case. He also asked the jurors if any of them would consider anything regarding the McPherson case as against defendant and if they understood that the State had the burden of proving guilt. We do not believe that these attempts to remove any resulting prejudice, though commendable, could effectively erase the opinion as to defendant's guilt in the minds of the jurors. As stated by Ervin, Judge, in *State v. Canipe, supra:*

> "The judge occupies an exalted station, and jurors entertain a profound respect for his opinion. (Citation omitted.) As a consequence, the judge prejudices a party or his cause in the minds of the trial jurors whenever he violates the statute by expressing an adverse opinion on the facts. *When this occurs, it is virtually impossible for the judge to remove the prejudicial impression from the minds of the trial jurors by anything which he may afterwards say to*

*them by way of atonement or explanation.* (Citations omitted.)" 240 N.C. at 64. (Emphasis supplied.)

We believe, and so hold, that the prejudicial effect of the remark made by the learned judge was not cured by his correcting statements. Accordingly, defendant is entitled to a new trial.

New trial.

Judges CLARK and ARNOLD concur.