State v. Hardin

---

STATE OF NORTH CAROLINA v. CHRISTOPHER E. HARDIN AND FRANKIE P. HARDIN

No. 7818SC524

(Filed 7 November 1978)

**Criminal Law §§ 76.1, 114— confession—finding of voluntariness in jury's presence —expression of opinion**

The trial court's finding in the presence of the jury that a confession was made "freely and voluntarily" constituted an expression of opinion in violation of G.S. 1-180 which entitles defendants to a new trial.

APPEAL by defendants from *Crissman, Judge*. Judgment entered 12 November 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 28 September 1978.

Defendant, Frankie P. Hardin, was charged in an indictment alleging that she falsified and manipulated books and records of Foley's, Inc. resulting in the misapplication of approximately $240,000 over a four-year period. Defendant, Christopher E. Hardin, was indicted for aiding and abetting his wife Frankie P. Hardin. Both were charged with violations of G.S. 14-254, Malfeasance of Corporate Officers or Agents.

Defendants' cases were consolidated for trial. The State's evidence tended to show that Frankie P. Hardin was the book-keeping clerk of Foley's, Inc. and thus had access to books and records of the corporation. Evidence indicated that she had drawn checks to the order of herself and C. E. Hardin in amounts up to $22,000 per check.

The State also offered into evidence a confession of defendant, Frankie P. Hardin. After voir dire, the trial court found the confession to have been made voluntarily and admitted it into evidence.

The defendants were found guilty as charged and each was sentenced for a term of not less than 5 years nor more than 7 years. From entry of judgments on the verdicts, each defendant appeals.

*Attorney General Edmisten, by Associate Attorney J. Chris Prather, for the State.*

*Assistant Public Defender Thomas F. Kastner for the defendant appellants.*

MORRIS, Judge.

Defendants assign as prejudicial error the trial court's finding, in the presence of the jury, that a confession was made "freely and voluntarily". They assert that such a finding in the jury's presence amounted to an expression of opinion on the evidence in violation of G.S. 1-180. The State concedes there was a technical violation of the statute, but argues that, considering the entire record, the error was not prejudicial. The State correctly points

out that all expressions of opinion do not warrant a new trial. *See State v. Teasley*, 31 N.C. App. 729, 230 S.E. 2d 692 (1976). However, we agree with defendants and hold that they are entitled to a new trial.

The ruling of the trial court followed a voir dire examination of Tony Hill, an attorney who was acting as guardian ad litem of the Hardin children in connection with a civil matter arising as a result of the indictment of the defendants. Mr. Hill had obtained an affidavit from Frankie P. Hardin that confessed misappropriation of the money from Foley's, Inc. With the jury present, the following ruling was made at the conclusion of testimony on voir dire:

> "THE COURT: Let the record show that the Court finds as a fact that State's Exhibit No. 237 should be allowed into evidence: the Court finding as a fact that this statement was given with full understanding and was given without any coercion, given freely and voluntarily and therefore would be admissible."

It is well established that the proper procedure is for the court to make its findings of voluntariness in the absence of the jury. *State v. Carter* and *State v. Toyer*, 268 N.C. 648, 151 S.E. 2d 602 (1966). The question of the credibility of evidence is for the jury. Similarly, it is for the jury to determine the weight, if any, to be given to a confession. *State v. Small*, 293 N.C. 646, 239 S.E. 2d 429 (1977). In a case presenting precisely the same question as the present one, our Supreme Court held: "The finding by the court, in the presence of the jury, that a statement, said to have been made by the defendant, was made voluntarily is the expression of an opinion by the court that the statement was made." *State v. Carter* and *State v. Toyer*, 268 N.C. at 652, 151 S.E. 2d at 605; *see also State v. Walker*, 266 N.C. 269, 145 S.E. 2d 833 (1966) (overruling *State v. Davis*, 63 N.C. 578 (1869) and *State v. Fain*, 216 N.C. 157, 4 S.E. 2d 319 (1939)).

Furthermore, this Court has stated that "[o]nce the trial judge expresses an opinion as to the facts before the jury, the resulting prejudice to the defendant is virtually impossible to cure." *State v. Teasley*, 31 N.C. App. at 732, 230 S.E. 2d at 694. The trial court's summarization of the defendant's contentions and its instructions on reasonable doubt are insufficient to cure the error.

Because of the trial court's inadvertent expression of opinion on the evidence, we must award each of the defendants a new trial.

New trial for defendant Christopher E. Hardin.

New trial for defendant Frankie P. Hardin.

Judges MITCHELL and ERWIN concur.