State v. Griffin

---

STATE OF NORTH CAROLINA v. BOBBY GRIFFIN

No. 7920SC763

(Filed 15 January 1980)

**Criminal Law § 99.2— question by jury—misconstruction by court—expression of opinion**

The trial court improperly expressed an opinion on defendant's guilt and encouraged a verdict of guilty where, prior to the time the jury reached a verdict, the jury foreman asked the court whether the jury could make an "explanation" of its verdict, the court misconstrued the question as asking

whether the jury could make a sentence recommendation, and the court made remarks concerning the duty of the court to determine the sentence upon a verdict of guilty.

APPEAL by defendant from *Seay, Judge.* Judgment entered 3 May 1979 in Superior Court, UNION County. Heard in the Court of Appeals on 8 January 1980.

Defendant was charged in a proper bill of indictment with the armed robbery of Horace Aycoth, a violation of N. C. Gen. Stat. § 14-87. The jury found him guilty as charged, and the court entered judgment imposing a prison sentence of 12 to 15 years. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Jo Anne Sanford, for the State.*

*Joe P. McCollum, Jr. for defendant appellant.*

HEDRICK, Judge.

The record discloses that, after the jury had deliberated for approximately two hours, it returned to the courtroom and the following colloquy occurred between the foreman and the judge:

COURT: I believe the Bailiff has indicated that one of you perhaps has a question.

FOREMAN: May I approach the Bench?

COURT: You have to ask the question where you are because it has to be taken into the record.

FOREMAN: We have not made a decision. We have taken a preliminary vote and later votes and there has been no unanimous decision. *We would like to know if we do come to a decision may we have a right of explanation with our decision?*

COURT: *A right of explanation?* Well, let's see. Let me put it this way so you will understand, and I hope you will. The role of the jury is to—I don't want to be repetitious, is to listen to the evidence, take the law from the court and find the facts and render a verdict which reflects the facts. *From then on the proposition comes before the Judge at the sentencing hearing. The jury will have no part in that.* You see, whatever judgment is

rendered, if there is a conviction, is rendered within the limits that is set by the statute, that is what the Legislature enacts, and then the Court will consider the evidence on sentencing offered at the sentencing hearing. The jury has no part in that. *Is that what you were concerned, you were concerned the jury may have some part in sentencing?*

FOREMAN: *No, sir,* that is not the question.

COURT: *If any of you would want to at the sentencing hearing,* if the attorney who represented the defendant would call one of you as a witness, I don't know what for, but he could call one of you as a witness and if you could testify as to character and reputation of the defendant and things like that, but as I remember, all of you had said you didn't know him.

FOREMAN: We don't.

COURT: *The sentence is entirely up to the Court.*

FOREMAN: *I don't think I made myself clear.*

COURT: *I do not follow recommendations of the jury as to sentencing.* I base the sentencing on the law and facts of the case and the evidence as presented at the sentencing hearing. *What you want to do is help out on the sentence?*

FOREMAN: *No, sir.* Our point was that *we felt that there was some explanation needed* from our standpoint as to the decision made by us.

COURT: All you do is find the facts. There is no necessity at all for any explanation, because once you act, that's it.

FOREMAN: That answers the question.

[Emphasis added.]

Defendant contends on appeal that these remarks of the judge constitute an expression of his opinion that defendant was guilty, thereby prejudicing the case in the minds of the jurors and intimating to them that the only issue to be decided was the sentence defendant would receive.

It is an elementary and long-established rule of law that the trial judge may not express during his instructions to the jury

his opinion a to whether any fact has been proved. N. C. Gen. Stat. § 15A-1232. (*Cf.* N. C. Gen. Stat. § 15A-1222, another statutory prohibition against the judge's expressing his opinion during the course of the trial.) This section requires that the judge maintain absolute impartiality until the verdict has been rendered because the jury, out of great respect for him, is easily influenced by his slightest suggestion. This Court has observed that any expression of opinion on the issue of the defendant's guilt or innocence results in prejudice to his case which is virtually impossible to cure. *See, e.g., State v. Teasley,* 31 N.C. App. 729, 230 S.E. 2d 692 (1976). Thus, the judge may not, in a capital case, apprise the jury as to whether it can make a recommendation of mercy since such a recommendation assumes a guilty verdict. *See State v. Rhodes,* 275 N.C. 584, 169 S.E. 2d 846 (1969); *State v. Davis,* 238 N.C. 252, 77 S.E. 2d 630 (1953); *State v. Rowell,* 224 N.C. 768, 32 S.E. 2d 356 (1944).

We think the rule must apply as strictly in this case. Moreover, we think this a stronger case for the strict application of the prohibition since, in the cases cited above where the jury asked if it could recommend mercy, it is plain from the asking that the jurors were concerned about sentencing. Nothing in the exchange between judge and jury in this case, however, even hints that the jurors had reached a stage in their deliberations which had engendered concern about the effect — *i.e.*, the punishment — of a guilty verdict. Yet, during the colloquy between the foreman and the judge hereinabove set out, the judge stated three times that the jury's real concern was its role in the sentencing process. He treated the foreman's inquiry as though it was a question of whether the jury could make a "recommendation" in the case, rather than noting what the foreman actually asked, that is, whether the jury could make an "explanation" of its verdict. For all we know, at that point in the deliberations, the jurors may have desired to explain a verdict of "not guilty" instead of the converse. Since it is obvious, however, that a defendant will not be sentenced unless he is first found guilty, the judge's premature remarks about sentencing assume that the jury has already reached a guilty verdict, and leave little doubt that the judge expects the jury to find the defendant guilty. Such an assumption, in our opinion, amounts to an unwarranted expres-

sion of opinion on defendant's guilt and thereby encourages the rendering of a guilty verdict.

We hold that this defendant was denied a fair trial for that the remarks of the judge induced the verdict of guilty. For this reason the defendant must have a

New trial.

Judges MARTIN (Robert M.) and WELLS concur.