STATE OF NORTH CAROLINA v. ALBINE ARRINGTON

No. 753SC628

(Filed 3 December 1975)

**1. Criminal Law § 84— weapons found in car — admissibility**

A shotgun and rifle which police removed from the car in which defendant was riding when arrested for armed robbery were properly admitted in defendant's trial for that crime.

**2. Criminal Law § 76— confession — waiver of rights — findings supported by evidence**

The court's findings that defendant was given the *Miranda* warnings and freely, knowingly and voluntarily waived his rights were supported by the evidence on *voir dire* and are binding on appeal.

APPEAL by defendant from *Lee, Judge*. Judgment entered 13 March 1975 in Superior Court, CRAVEN County. Heard in the Court of Appeals 12 November 1975.

Defendant was tried on a bill of indictment charging him with armed robbery. Evidence presented by the State tended to show:

At around 8:30 p.m. on 20 November 1974, three black males, with masks over their faces, entered the EZ Food Store located on Highway 70 near the western edge of the City of New Bern. One of the men was armed with a rifle and another with a double-barreled shotgun. At gunpoint, the two employees of the store were required to lie on the floor. The robbers took both drawers of a cash register containing approximately $700 and left the store. Two customers approaching the store saw the men run to, and drive off toward New Bern in, a 1963 or 1964 dark colored Chevrolet. After entering the store, one of the customers called the New Bern Police Department and reported the robbery. The dispatcher at the police department issued a radio bulletin regarding the robbery and advised officers to be on the lookout for a dark colored Chevrolet Impala occupied by three black males.

A few minutes after receiving the radio bulletin, Officer Kepler of the New Bern Police Department, while patrolling in a police car, observed a 1964 or 1965 Chevrolet Impala with four black males in it. He stopped the Chevrolet, ordered the occupants out, and radioed for help. Two of the occupants ran but the other two, one of whom was defendant, remained and they

were placed under arrest. A rifle and shotgun were found in the Chevrolet. Defendant and the other person arrested were carried in a patrol car to police headquarters where they were interrogated and defendant admitted participation in the robbery. He stated that his part of the money was concealed in the police car that brought him to headquarters and soon thereafter the money was found in the police vehicle.

Defendant offered no evidence. A jury found him guilty as charged and from judgment imposing prison sentence of not less than 15 nor more than 20 years, he appealed.

*Attorney General Edmisten, by Associate Attorney George J. Oliver, for the State.*

*Beaman, Kellum & Mills, by Norman B. Kellum, Jr., for defendant appellant.*

BRITT, Judge.

Defendant contends first that the court erred in allowing Officer Schoch to testify as to what was found in the Chevrolet and allowing said evidence to be admitted. We find no merit in the assignment.

[1] This contention relates primarily to the shotgun and rifle which police removed from the Chevrolet and which were admitted as evidence. We think the evidence was admissible under authority of *State v. Hill*, 278 N.C. 365, 180 S.E. 2d 21 (1971), and no useful purpose would be served in restating the principles set forth in that opinion. Furthermore, we note that while defendant objected to testimony given by Officer Schoch regarding the search, he did not object to similar, if not identical, testimony given by Officer Ringer. It is settled that ordinarily the admission of testimony over objection is harmless when testimony of the same import is theretofore, or thereafter, admitted without objection. 3 Strong, N. C. Index 2d, Criminal Law, § 169.

[2] Defendant's other contention is that the court erred in holding that he waived his constitutional rights as declared in *Miranda* and admitting into evidence incriminating statements which he allegedly made to police. This contention has no merit.

Before evidence relating to defendant's alleged statements was admitted, the court conducted a voir dire in the absence of the jury. Following the voir dire, the court found facts with

---

respect to defendant being fully advised of and waiving his rights and concluded that he freely, knowingly and voluntarily waived his rights. Since the court's findings are supported by competent evidence, they are binding on appeal. *State v. Frazier*, 280 N.C. 181, 185 S.E. 2d 652 (1972). The findings of fact fully support the court's conclusion of law.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.