State v. Montgomery

---

STATE OF NORTH CAROLINA v. DANNY MONTGOMERY

No. 7614SC868

(Filed 4 May 1977)

1. Criminal Law § 76.10— guilty plea — confession admitted — admissibility properly raised on appeal

    Defendant's argument that the trial judge erred in refusing to grant his motion to suppress his statements of confession could properly be made on appeal, though defendant entered a plea of guilty to the charge and never denied guilt. G.S. 15A-979(b).

2. Criminal Law § 75.4— confession without counsel — waiver of right by defendant

    Evidence was sufficient to support the trial judge's findings that defendant understood and waived his right to have counsel present during interrogation.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 7 June 1976 in Superior Court, DURHAM County. Heard in the Court of Appeals 6 April 1977.

On 22 November 1975, defendant was arrested for the armed robbery of two persons and taken to police headquarters in Durham. Detectives read to him the so-called *Miranda* card then in use by the Durham Police Department which purported to list and explain the defendant's pertinent constitutional rights. After acknowledging that he understood his rights and after signing a written waiver, defendant confessed to the armed robbery. Later, on 2 February 1976, defendant moved to suppress these statements on the ground that he had not knowingly and voluntarily waived his right to have counsel present during questioning. A hearing was held on this motion, and, after taking evidence, the court entered an order denying the motion, which was supported by written findings of fact. Defendant came to trial on 16 March 1976, and at this time he pled guilty to the offenses charged. He was sentenced to from eight to ten years in prison.

*Attorney General Edmisten, by Assistant Attorney General Claude W. Harris, for the State.*

*Paul, Rowan & Galloway, by Karen Bethea Galloway, for defendant appellant.*

ARNOLD, Judge.

[1] Refusal by the trial judge to grant defendant's motion to suppress his statements of confession is assigned as error. Defendant entered a plea of guilty to the charge and he has never denied guilt. However, his argument is properly raised by this appeal.

> "An order finally denying a motion to suppress may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." G.S. 15A-979 (b).

[2] Defendant contends that he did not understand his right to have counsel present during interrogation, and that therefore this right was not knowingly and voluntarily waived. He asserts that the *Miranda* card which was read to him by the officers contained an incorrect implication that counsel would not be appointed for him until his trial.

State v. Montgomery

At the hearing on the motion to suppress, the officer who questioned defendant testified that he twice read defendant his constitutional rights as declared in *Miranda* from the card which defendant asserts to be defective. However, the record reveals that the officer testified he thereafter gave defendant further warnings:

> " . . . then I went back to him [defendant] and explained to him that he had the right to have a lawyer present before we asked him any questions and if [he] could not afford to hire one, one would be appointed for him before any questions would be asked. He said he understood."

The judge at the hearing on the motion to suppress evidence is the finder of fact. G.S. 15A-977(d). He must make written findings of fact and conclusions of law. G.S. 15A-977(f). In this case the judge made written findings and conclusions. Among these findings the judge found that all of defendant's evidence that he misunderstood his rights was unworthy of belief. Moreover, testimony of the police officer as hereinbefore set forth supports the finding that defendant was advised of his right to have appointed counsel present when he was questioned and that "defendant stated . . . that he did not want his appointed counsel present." Evidence supports the judge's findings, and these findings are binding on appeal. *State v. Arrington,* 27 N.C. App. 664, 219 S.E. 2d 791 (1975).

Defendant's contention that the judge erred in failing to make express findings that defendant knowingly and intelligently waived his rights is also unfounded. Findings by the judge set forth defendant's assertions that he misunderstood his rights and that he would not have confessed if he had understood them. The judge specifically found that there was no evidence worthy of belief to support a finding of fact in defendant's favor as to either of these assertions. This amounts to a finding that defendant understood his rights and knowingly waived them. The judge also found that the officers did not coerce defendant into confessing or induce him to do so with promises of leniency. This amounts to a finding that defendant's confession was voluntary.

The order denying defendant's motion to suppress is

Affirmed.

Judges MORRIS and HEDRICK concur.