STATE OF NORTH CAROLINA v. RONALD McGILL

No. 7826SC301

(Filed 5 September 1978)

1. **Indictment and Warrant § 8.4— election between offenses—discretionary matter**

    It was within the discretion of the trial court to decide whether it would compel the State to elect between the two offenses charged and, if so, at what stage in the trial.

2. **Criminal Law § 137.1— two crimes charged—dismissal of wrong charge—no prejudice**

    Where defendant was charged with possession of marijuana and possession of marijuana with intent to sell, and the jury returned a guilty verdict on the charge of possession of marijuana, the trial court's clerical error in dismissing that charge was not prejudicial to defendant, since judgment was entered in the possession with intent to sell case for the exact crime of which the jury found defendant guilty.

State v. McGill

3. Criminal Law § 88 — cross-examination limited — no error

The trial court did not err in limiting defendant's cross-examination of a witness, since the evidence elicited upon cross-examination was irrelevant and since defendant failed to include in the record what the witness's answer would have been had he been permitted to testify.

4. Criminal Law § 75.9 — volunteered statement — ownership of contraband

Evidence was sufficient to support the trial court's conclusion that, after officers searched an apartment and discovered a quantity of marijuana, defendant voluntarily stated that everything in the apartment was his.

APPEAL by defendant from *Walker (Ralph A.), Judge.* Judgment entered 3 November 1977, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 August 1978.

Defendant was indicted for possession of marijuana and for possession of marijuana with intent to sell. At his trial on both offenses, the State presented evidence tending to show that on the evening of 26 November 1976, police officers, acting pursuant to a search warrant, went to a residence at 929 Beal Street in Charlotte. There they discovered the defendant, Lind Criddell, and two children. During a search of the residence, they also discovered a large quantity of marijuana in a bedroom closet and a smaller quantity in a shoe box. Defendant, for whom the search warrant had been issued, was arrested and was read his constitutional rights. The officers questioned Criddell but eventually decided not to arrest him. Officer M. F. Greene testified over objection that, during his questioning of Criddell, the defendant stated that Criddell did not live there, that Criddell knew nothing about anything in the apartment, and that everything in the apartment was his, the defendant's.

Defendant put on evidence tending to show that on the evening in question he was just visiting in the apartment which was rented by Amelia McDaniel. He denied claiming to Officer Greene that everything in the apartment was his.

The jury returned a verdict of guilty of possession of more than one ounce of marijuana. Defendant was sentenced to imprisonment for not less than sixteen months nor more than twenty-four months. He appeals.

*Attorney General Edmisten, by Associate Attorney Christopher P. Brewer, for the State.*

*Laura A. Kratt for defendant appellant.*

HEDRICK, Judge.

[1, 2] Prior to the trial of this case, defendant made several motions, one of which was that the State elect between the two charges of possession of marijuana and possession of marijuana with the intent to sell and deliver. The trial court reserved a ruling on this motion until a later time. After the jury returned a guilty verdict on the charge of possession of marijuana, the trial judge sentenced defendant and then ordered, erroneously, the dismissal of case 76CRS69882, which was the indictment charging possession of marijuana. Defendant now argues that the trial court's reservation of a ruling on the motion for the State to elect and its subsequent error in dismissing the case for which defendant had been found guilty constituted prejudicial error. We do not agree.

First of all, our courts have long held that a trial court has broad discretion in deciding whether it will compel an election of offenses and, if so, at what stage in the trial. *See State v. Smith*, 201 N.C. 494, 160 S.E. 577 (1931), and cases cited therein. Defendant's argument that the reading of multiple indictments prejudiced him in the eyes of the jury is simply not sufficient for us to find that the trial court abused its discretion in the matter. Furthermore, we do not accept defendant's argument that the trial court's instructions, which explained the counts as alternative offenses, were prejudicial to the defendant.

Secondly, the obvious clerical error by His Honor in dismissing case 76CRS69882, possession of marijuana, had no prejudicial effect on defendant. Judgment was entered against defendant in case 76CRS69883 for the exact crime of which the jury found him guilty, possession of marijuana, a lesser included offense of possession of marijuana with intent to sell. Therefore, there was no resulting harm to defendant.

[3] A second argument brought forward by defendant is that the trial court committed prejudicial error in refusing to allow defendant his full right to cross-examine Officer Greene. The record discloses that a *voir dire* hearing was held to determine whether there was probable cause for the issuance of the search warrant. Defense counsel, in cross-examining Officer Greene concerning the reliability of a confidential informant, elicited the following testimony:

"I received my information from a reliable informant who had given me information leading to the arrest of three other persons. None of them had been convicted at the time this warrant was issued. I am not sure if any of them has been convicted as of this time. I believe Patricia Cureton plead [sic] guilty to the charge. I was not present at the trial and the other two, one of them is scheduled next week.

"The Amelia Wilkins trial is next week and I am not sure of the status of Brunson. I have not been called to Court for it yet. I have a subpoena for Wilkins on my desk, I believe for the 7th. I've been advised that Patricia Cureton plead [sic] guilty. I don't know. I just know what I've been told.

"Q. Well, let me ask you, did you arrest her on October 9, 1976?

"DISTRICT ATTORNEY: OBJECTION.

"COURT: SUSTAINED. I don't care to go into those cases any further.

EXCEPTION NO. 2"

We fail to see the relevance of defendant's questioning at the point at which the prosecutor's objection was sustained. Furthermore, defendant failed to make an offer of proof which would aid us in determining whether there was error in the trial court's ruling. When an objection to a question is sustained, this ordinarily means that the answer the witness would have given should be made a part of the record on appeal. *See* 1 Stansbury's North Carolina Evidence § 26 (Brandis rev. 1972).

[4] Defendant's final argument on this appeal is that the trial court erred in allowing into evidence the alleged statement by defendant that Criddell knew nothing about the apartment and that everything in the apartment was his, not Criddell's. The record, however, reveals that the trial court conducted a *voir dire* hearing into the admissibility of the statement. At the close of the hearing, the trial court made the following findings of fact:

"3. That a search of the premises was conducted and that a quantity of marijuana was discovered in the said apartment. That the defendant was advised of his constitutional

rights. That the law enforcement officers then questioned one Lind Criddell who was there in the apartment and that the defendant stated to the officers that Criddell did not live there and that everything in the apartment was the defendant's.

"4. That the defendant was 26 years of age and did not appear to be under the influence of any alcohol or controlled substances. That the defendant understood his constitutional rights and that no questions were asked of the defendant after being advised of his rights."

Based on these findings, the trial court concluded that defendant had volunteered the statement in question. Since the court's findings are supported by competent evidence, they are binding on appeal. *State v. Frazier*, 280 N.C. 181, 185 S.E. 2d 652 (1972); *State v. Arrington*, 27 N.C. App. 664, 219 S.E. 2d 791 (1975). The findings of fact in turn support the trial court's conclusion of law.

We find, therefore, that defendant received a fair trial, free from prejudicial error.

No error.

Chief Judge BROCK and Judge WEBB concur.