STATE OF NORTH CAROLINA v. HERBERT R. BLUE

No. 7314SC146

(Filed 14 March 1973)

1. Criminal Law § 99— comments by trial judge — no prejudicial error

In an armed robbery and felonious breaking and entering case, comments by the trial judge as to the location of a witness's residence and as to drinking habits of the witness, defense counsel and the judge himself were not so prejudicial as to have affected the result of the trial, though the comments are not approved by the Court of Appeals.

2. Criminal Law § 86— cross-examination of defendant — inquiry as to arrest for unrelated offenses

Reference to arrest warrants issued against defendant on the day before the trial and charging him with unrelated offenses was properly made before the jury only after an unresponsive answer from defendant to a proper question from the solicitor, and defendant was particularly in no position to complain where he objected to but did not move to strike the answer.

**3. Criminal Law §§ 86, 88— impeaching question — denial by defendant — further inquiry by solicitor**

When defendant in an armed robbery and felonious breaking and entering case denied the solicitor's impeaching question as to whether he had ever been convicted of assault with a deadly weapon, his answer was conclusive in the sense that it could not be rebutted by other evidence, but even so, the solicitor could press his cross-examination of defendant by rephrasing his question so as to make it more specific.

APPEAL by defendant from *Bailey, Judge,* 25 September 1972 Regular Criminal Session of Superior Court held in Durham County.

By separate bills of indictment, proper in form, defendant was charged with (1) armed robbery and (2) felonious breaking and entering. The two cases were consolidated for trial and defendant pleaded not guilty to both charges. The jury found defendant guilty of common-law robbery and of felonious breaking and entering. From judgments imposing prison sentences, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Raymond W. Dew, Jr. for the State.*

*E. C. Harris for defendant appellant.*

PARKER, Judge.

[1] At the trial two witnesses for the State, each of whom had previously known the defendant, positively identified him as the person who, on the early morning of 26 March 1972, broke into their residence, threatened them with what appeared to be a pistol, stole a watch and money from one of them, hit the robbery victim "up side" of his head with his fist, and then fled. On cross-examination of the victim, defendant's counsel asked him as to the address of the house in which he lived in Durham. A portion of this testimony is narrated in the record as follows:

> "I say that I live at 406 Canal Street so far as I can remember; 401 is where the other man live. I said as far as I know, 401, but I say 406 I think. I don't even say I am sure of that. I am not certain what my home address is. I know that it is on Canal Street."

At this point the record shows that the following exchange occurred:

> "Q. [by defense counsel] Now your house is located on the corner?
>
> "A. Corner?
>
> "Q. That is right?
>
> "A. No sir.
>
> "Q. But you have testified it is 401 Canal Street?
>
> "The Court: Well, what difference does it make? He lives in some house on some place."

This remark of the court is the subject of appellant's Exception No. 7.

Later, during the further cross-examination of the same witness, defendant's counsel questioned him concerning whether he had been drinking on the night before the alleged robbery. The witness answered that he and the State's other eyewitness "were drinking together on the night before." He then testified:

> "I couldn't recall how much or what I had to drink. I do not drink the same thing all the time.
>
> "Q. [by defense counsel] You drink different things?
>
> "The Court: He drinks like you and me, whatever we can get."

This remark of the court is the subject of appellant's Exception No. 9.

The duty of absolute impartiality imposed on the trial judge by G.S. 1-180 has been many times the subject of comment by our Supreme Court. As stated by Justice Huskins, speaking for the Court in *State v. Holden*, 280 N.C. 426, 185 S.E. 2d 889:

> "Jurors respect the judge and are easily influenced by suggestions, whether intentional or otherwise, emanating from the bench. Consequently, the judge 'must abstain from conduct or language which tends to discredit or prejudice the accused or his cause with the jury.' "

We do not approve the remarks made by the trial judge which are the subjects of appellant's Exceptions 7 and 9. How-

ever, we find the further language contained in the opinion in *State v. Holden, supra,* particularly applicable to the present case:

"The judge's critical remarks were indiscreet and improper and should not have been made. In a different setting they could be prejudicial so as to require a new trial. Here, however, in light of the evidence and considering the totality of circumstances, we hold that the comments from the bench of which defendant complains constituted harmless error. Not every ill-advised expression by the trial judge is of such harmful effect as to require a reversal. The objectionable language must be viewed in light of all the facts and circumstances, 'and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless.' *State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774 (1950); *State v. Hoover,* 252 N.C. 133, 113 S.E. 2d 281 (1960)."

In the present case two eyewitnesses, both of whom were already acquainted with the defendant, positively identified him as the person who committed the offenses for which he was tried. The record reveals that both before and after the remarks from the bench of which appellant now complains his counsel was allowed full freedom to cross-examine the State's witnesses. However ill-advised the judge's comments may have been, in our opinion they could not reasonably be held to have had any prejudicial effect on the result of the trial, and appellant's assignment of error based on his Exceptions 7 and 9 are overruled.

[2] The only other assignment of error brought forward in appellant's brief relates to rulings of the trial court made during cross-examination of the defendant. Defendant took the stand and testified to an alibi. In his brief defendant's counsel contends that on cross-examination the solicitor was permitted to pursue a line of interrogation which brought before the jury the fact that on the day before the trial defendant had been arrested on warrants charging unrelated offenses, and he contends this evidence was admitted against him in violation of the rule announced in *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174. The record, however, does not support defendant's contention. Reference to the arrest warrants was made before the jury only as result of an unresponsive answer from defend-

ant to a proper question from the solicitor. Defendant's counsel objected to the answer but did not move to strike, and his motions for mistrial were properly overruled. On this record defendant is in no position to complain that the jury received information which he voluntarily furnished it.

[3]  During the cross-examination of defendant the solicitor asked if he had ever been convicted of assault with a deadly weapon to which he replied that he had not. On being pressed further by the solicitor he admitted he had been convicted in the district court and explained he had appealed. He now contends that the solicitor should have been bound by his original denial and had no right to press his cross-examination further. When defendant denied the impeaching question, his answer was conclusive in the sense that it could not be rebutted by other evidence, but this did not preclude the solicitor from pressing his cross-examination of the defendant by rephrasing his question so as to make it more specific. *State v. Weaver,* 3 N.C. App. 439, 165 S.E. 2d 15. The extent of cross-examination for purposes of impeachment rests largely in the discretion of the trial judge, *State v. Warren,* 4 N.C. App. 441, 166 S.E. 2d 858, and on the present record no prejudicial error has been shown.

We have examined all of appellant's remaining exceptions which are brought forward in his brief on this appeal and no prejudicial error has been made to appear.

No error.

Judges BRITT and HEDRICK concur.