STATE OF NORTH CAROLINA v. LORENZA WHITTED

No. 7814SC488

(Filed 7 November 1978)

**Criminal Law § 114— summary of defendant's evidence improper—victim falling into lawn mower—prejudicial expression of opinion**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries where defendant testified that he did not have a knife,

did not cut the complaining witness and did not see him cut, defendant is entitled to a new trial where the trial judge expressed an opinion on the evidence and held defendant up to ridicule and attacked his credibility by summarizing defendant's testimony as evidence tending to show that the prosecuting witness was not cut and must have fallen into a lawn mower, and the judge compounded the error by his later instruction cautioning the jury against going to the alleged scene and the danger of falling into the lawn mower.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 23 November 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 22 September 1978.

The defendant was indicted for the felony of assault with a deadly weapon with intent to kill inflicting serious injuries in violation of G.S. 14-32 and entered a plea of not guilty. By its verdict, the jury found the defendant guilty of the misdemeanor of assault inflicting serious injury in violation of G.S. 14-33(b)(1). From judgment sentencing him to imprisonment for a term of eighteen months, the defendant appealed.

The State offered evidence tending to show that the defendant and others attacked one Duane Smith with knives on the evening of 7 April 1977 in the parking lot at Forest Hills Shopping Center in Durham County. As a result of the attack by the defendant and others, Smith received cuts to his head, face, neck, chest, and arms. Approximately two hundred stitches were required to close the wounds Smith received as a result of the attack.

The defendant offered evidence tending to show that he and the others were attacked by Smith who pointed a gun at them. The defendant indicated that he at no time attacked Smith with a knife or saw anyone go near Smith with a knife.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Acie L. Ward, for the State.*

*Malone, Johnson, DeJarmon & Spaulding, by George W. Brown, for defendant appellant.*

MITCHELL, Judge.

By his single assignment of error, the defendant contends that the trial judge committed prejudicial and reversible error in

his instructions to the jury by stating the defendant's contentions upon assumed facts not in evidence and, thereby, expressed an opinion in violation of G.S. 1-180. This assignment of error is meritorious.

At the outset we note that G.S. 1-180 was repealed effective 1 July 1978. The enactment of G.S. 15A-1232, effective concurrently with the repeal of G.S. 1-180, restated and brought forward the substance of the former statute. *See also* G.S. 15A-1222. By Section 39 of Chapter 711 of the Session Laws of 1977, the General Assembly provided that G.S. 15A-1232 "shall become effective July 1, 1978, and applies to all matters addressed by its provisions without regard to when a defendant's guilt was established or when judgment was entered against him." Therefore, G.S. 15A-1232 controls in the present case, even though the trial here occurred prior to its effective date of 1 July 1978, and continues to provide the defendant the identical rights previously provided him by G.S. 1-180. Although the cases referred to herein were decided under former G.S. 1-180, we find them equally applicable and binding in interpreting G.S. 15A-1232.

During his final instructions to the jury, the trial judge reviewed the evidence relating to the wounds of the prosecuting witness and stated: "There is evidence tending to show that he wasn't cut at all and that nobody saw him cut, that he must have fallen into a lawn mower." After completing the final instructions to the jury, the trial judge cautioned the jury against discussing the case and stated: "Don't run out to the Forest Hills parking center and view the scene. No telling what might happen—might fall in the lawn mower." Having made this statement, the trial judge took a recess until the following morning.

G.S. 15A-1232 imposes upon the trial judge the duty of absolute impartiality and forbids any intimation of the judge's opinion in any form whatever. *State v. Frazier*, 278 N.C. 458, 180 S.E. 2d 128 (1971). As a result of his exalted station and the respect for his opinion which jurors are presumed to hold, the trial judge must abstain from conduct or language which tends to discredit or prejudice the accused or his cause. It is of no consequence whether the opinion of the trial judge is conveyed to the jury directly or indirectly as every defendant in a criminal case is entitled to the trial of his case before a neutral judge and an un-

biased jury. *State v. Frazier*, 278 N.C. 458, 180 S.E. 2d 128 (1971); *State v. Hewitt*, 19 N.C. App. 666, 199 S.E. 2d 695 (1973).

Not every indiscreet and improper remark by a trial judge is of such harmful effect as to require a new trial. *State v. Holden*, 280 N.C. 426, 185 S.E. 2d 889 (1972); *State v. Blue*, 17 N.C. App. 526, 195 S.E. 2d 104 (1973). Here, however, the statement of the trial judge went to the heart of the very issue for which the defendant was on trial, that is, whether he was possessed of a deadly weapon with which he cut the complaining witness. The defendant took the stand and testified that he did not have a knife, did not cut the complaining witness and did not see him cut. The trial judge summarized the testimony of the witness as evidence tending to show that the prosecuting witness was not cut and must have fallen into a lawn mower. There was, of course, no evidence whatsoever of any lawn mower in the vicinity of the scene of the alleged crime. This erroneous summarization of the defendant's evidence by the trial judge was compounded by his later instruction cautioning the jury against going to the alleged scene and the danger of falling into the lawn mower.

It is possible that the quoted remarks by the trial judge were intended as humorous. Whatever the intent, we find the remarks by the judge, considered in the light of all the facts and attendant circumstances, to have had the result of holding the defendant and his testimony up to ridicule and attacking his credibility. As such, they were of such prejudicial nature as to reasonably be anticipated to have had an appreciable effect on the result of the trial. *State v. Teasley*, 31 N.C. App. 729, 230 S.E. 2d 692 (1976).

Accordingly, the defendant is entitled to, and we hold there must be a

New trial.

Judges MORRIS and ERWIN concur.