STATE OF NORTH CAROLINA v. DOUGLAS GUFFEY

No. 7815SC694

(Filed 2 January 1979)

**1. Criminal Law § 99.1— expression of opinion by trial court**

The trial court expressed an opinion on the evidence in violation of G.S. 15A-1222 when, during a discussion of defendant's motion to quash indictments charging him with taking indecent liberties with two children, he remarked in the presence of prospective jurors, "Well, it's two different—two different people. He was pretty busy that day."

**2. Crime Against Nature § 3; Rape § 19— taking indecent liberties with minors —failure to prove exact date of crimes—no fatal variance**

In this prosecution for taking indecent liberties with two minor boys, there was no fatal variance between indictment and proof where the indictment alleged the offenses were committed "on or about the 28th day of June, 1977" and testimony showed that the minors did not remember the exact dates of the offenses, that the first incident occurred during the last two weeks of June 1977 and the second about two or three weeks later, and that an officer,

the minors and the magistrate determined together as best they could that 28 June was the approximate date.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 1 March 1978 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 15 November 1978.

Defendant was indicted for taking indecent liberties with children (G.S. 14-202.1), a 13-year-old and an 11-year-old boy, on or about 28 June 1977. The 13-year-old testified for the State that one day during the last two weeks of June 1977 he was at defendant's house and defendant held him down on the bed and had oral sex with him. About two or three weeks later the boy returned to defendant's house with his 11-year-old cousin, and that day he found defendant in the barn forcing the 11-year-old to have oral sex with him. The 11-year-old testified to the same facts about the second incident. A week or two after that, the boys were at defendant's house and defendant made advances to the 11-year-old again. Neither boy remembered the dates when the incidents occurred. Officer Qualls testified that on 27 August both boys gave him statements about the incidents.

Defendant presented witnesses who testified to his good reputation. He testified that he ran the boys off his property in May 1977 and they have not been back since then. He denied that he went into the barn with either of the boys and that they had been in his bedroom. He never attempted to have any indecent relations with either of them.

Defendant was found guilty and sentenced to two ten-year terms, the second to be suspended for five years with the defendant placed on five years probation. Defendant appeals.

*Attorney General Edmisten, by R. W. Newsom III, for the State.*

*John D. Xanthos for defendant appellant.*

ARNOLD, Judge.

G.S. 15A-1222 provides: "The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." Although this section did not become effective until 1 July 1978, subsequent to this

defendant's trial, it is to be applied without regard to when guilt was established or judgment entered. Session Laws 1977, c. 711, s. 39. (Also, see G.S. 15A-1232 which brings forth the substance of repealed G.S. 1-180.) Defendant contends that this provision was violated, to his prejudice. We agree.

[1] Prior to trial the defendant moved to quash the indictment, saying: "It charges two crimes. It's all one count." The judge responded: "Well, it's two different—two different people. *He was pretty busy that day.*" (emphasis added.) This took place in the courtroom, in the presence of prospective jurors who would be called to serve on the case.

We recognize that not every improper remark by a trial judge requires a new trial. *State v. Blue,* 17 N.C. App. 526, 195 S.E. 2d 104 (1973). Here, however, as in *State v. Whitted,* 38 N.C. App. 603, 248 S.E. 2d 442 (1978), the judge's statement went to the heart of the trial, assuming defendant's guilt. As our Supreme Court has noted, "[j]urors respect the judge and are easily influenced by suggestions . . . emanating from the bench." *State v. Holden,* 280 N.C. 426, 429, 185 S.E. 2d 889, 892 (1972). The situation before us is much like that in *State v. Teasley,* 31 N.C. App. 729, 230 S.E. 2d 692 (1976); the judge intimated the defendant's guilt at an early stage of the trial. This Court found that the defendant in *Teasley* was entitled to a new trial. In the present case, prejudice to the defendant is inherent in the judge's statement. "[T]he judge prejudices a party or his cause in the minds of the trial jurors whenever he violates the statute by expressing an . . . opinion. . . ." *State v. Canipe,* 240 N.C. 60, 64, 81 S.E. 2d 173, 177 (1954).

Even though we are mindful of the added, severe emotional strain that a new trial may bring, especially for the alleged victims, young boys, the statement by the trial court requires a new trial in this case. His improper and unnecessary remarks likewise required new trials to be granted by this Court in *Whitted, Teasley* and *State v. Hewitt,* 19 N.C. App. 666, 199 S.E. 2d 695 (1973), and by our Supreme Court in *State v. Frazier,* 278 N.C. 458, 180 S.E. 2d 128 (1971). In still other cases his remarks were found to be improper but not so prejudicial as to require a new trial in view of all the evidence and totality of circumstances. *State v. Holden, supra; State v. Norris,* 26 N.C. App. 259, 215 S.E. 2d 875 (1975); and *State v. Blue, supra.*

The improper statement in this case, as well as in some of the cited cases, may have been intended as humor. If so, it missed the mark when viewed from a standpoint of justice and fair play. The fact that an accused may be charged with a despicable crime, and the evidence of guilt may appear to be overwhelming, does not justify the expression of an opinion. Lord Herschell's admonition is still pertinent: "Important as it is that people should get justice, it is even more important that they be made to feel and see that they are getting it."

[2]  We do not reach defendant's other assignments of error, save one, since they are unlikely to occur at a new trial. The one exception is defendant's contention that there was a fatal variance between the indictment and the proof. The indictments allege that the crimes were committed "on or about the 28th day of June, 1977." The testimony of the boys involved indicated that the first incident occurred during "the last two weeks of June, 1977" and the second "about two or three weeks later." They both stated that they did not remember what the dates were, and Officer Qualls testified that he, the boys and the magistrate determined together as best they could that 28 June was the approximate date.

The defendant argues at length that it is fatal to the State's case that the State did not prove that the crimes occurred on 28 June, or any other specific date. This is incorrect. Where the statute of limitations is not involved, time is not of the essence of the offense charged, and the defendant does not rely on alibi as a defense, variances of as much as 27 days have been found not fatal. 7 Strong's N.C. Index 3d, Indictment & Warrant § 17.2. See G.S. 15-155. The purpose of the rule as to variance is to avoid surprise, *State v. Martin*, 29 N.C. App. 17, 222 S.E. 2d 718 (1976), and the discrepancy must not be used to ensnare the defendant or to deprive him of an opportunity to present his defense. *State v. Lilley*, 3 N.C. App. 276, 164 S.E. 2d 498 (1968). There is no showing that any of those factors was present here.

Directly on point is *State v. King*, 256 N.C. 236, 123 S.E. 2d 486 (1962), where the victim of a crime against nature was a six-year-old, and the child's statements varied substantially as to where and when the crime took place. The court said: "It must be conceded that the evidence of [the child] was vague as to the time

the alleged crime was committed by the defendant. We think, however, the vagueness of this child's testimony goes to its weight rather than to its admissibility." *Id.* at 239, 123 S.E. 2d at 488. We find that there was no fatal variance between the indictment and the proof.

New trial.

Judges MORRIS (now Chief Judge) and MARTIN (Harry C.) concur.