STATE OF NORTH CAROLINA v. JAMES MICHAEL GROGAN

No. 7815SC868

(Filed 20 March 1979)

1. **Criminal Law § 101.4— allowing exhibits in jury room**
   Upon request by the jury, the trial judge may in his discretion permit the jury to take to the jury room exhibits and writings which have been received in evidence if all parties to the action consent, but the trial judge does not have authority to permit the jury to take exhibits or other materials which have not been received in evidence to the jury room under any circumstances. G.S. 15A-1233.

2. **Criminal Law § 114.5— photographs not in evidence—refusal to allow in jury room—misstatement of law in explanation—expression of opinion**
   The trial judge's incorrect statement of law that he could not allow the jury to take to the jury room photographs which had not been received into evidence because defendant did not consent constituted a prejudicial expression of opinion on the evidence in violation of G.S. 15A-1222 and 1232, since the judge's statement may have led the jury reasonably to conclude that he felt the photographs were important evidence which the jury should see and which he would allow them to see but for the defendant's act in withholding consent.

3. **Searches and Seizures § 43— denial of motion to suppress—appeal after conviction**
   When the General Assembly granted the right to appeal orders finally denying motions to suppress "upon an appeal from a judgment of conviction" in G.S. 15A-979, it impliedly prohibited appeals from such orders at any other time, and an order denying defendant's motion to suppress prior to his first trial which ended in a mistrial could be brought forward as a part of defendant's appeal from a judgment of conviction at his retrial.

4. **Searches and Seizures § 44— motion to suppress—necessity for written findings and conclusions**
   A pretrial order denying defendant's motion to suppress evidence is vacated and the cause is remanded for a new hearing where the trial court failed to make written findings of fact and conclusions of law as required by G.S. 15A-977(d) and (f), and the appellate court is unable to say that introduction of the evidence sought to be suppressed was harmless to defendant.

APPEAL by defendant from *Bailey, Judge,* and *Farmer, Judge.* Judgment entered 20 April 1978 in Superior Court, ORANGE County. Heard in the Court of Appeals 12 January 1979.

The defendant was indicted for two counts of felonious breaking or entering and two counts of felonious larceny. Upon his

pleas of not guilty, the jury returned verdicts of guilty as charged on each count in the bills of indictment. The defendant was sentenced to consecutive ten-year terms of imprisonment on each count or a total period of imprisonment of forty years. The defendant appealed.

Prior to the first trial of these cases, the defendant moved pursuant to G.S. 15A-977 to suppress certain physical evidence as being the fruit of an unconstitutional search and seizure. Judge Farmer conducted a hearing on this motion at which both the State and the defendant were given the opportunity to be heard and to present evidence. At the conclusion of that hearing, Judge Farmer denied the defendant's motion to suppress.

These cases against the defendant were consolidated for trial and tried as a single action during both the first and second trials. The first trial resulted in a mistrial. The second trial of this action was conducted before Judge Bailey and a jury. During the course of the second trial, the State offered evidence tending to show that the defendant and one Brad Wilson broke into two homes in Orange County with the intent to commit larceny and that they committed larceny in each of the homes. The defendant presented no evidence.

Other facts pertinent to this appeal are hereinafter set forth.

*Attorney General Edmisten, by Associate Attorney Jane Rankin Thompson, for the State.*

*J. Kirk Osborn for defendant appellant.*

MITCHELL, Judge.

The defendant assigns as error remarks made by Judge Bailey in the presence of the jury during the second trial of this action. After the jury had commenced its deliberations, it requested that certain photographs be sent to the jury room. Only one, the photograph of an automobile, had been introduced into evidence. The defendant consented to this photograph being sent to the jury room but did not consent to the remaining photographs being sent there for the jury's consideration. Judge Bailey then had the jury returned to the courtroom and stated:

State v. Grogan

Ladies and gentlemen of the jury, you have requested that the photographs be permitted to be taken to the jury room. The photograph of the automobile was formerly offered in evidence and there's no objection, and I will send that one. The other photographs taken purportedly by Mr. Wilson were not formerly offered in evidence, and I cannot send them without consent of both parties; and the defendant does not consent. So I can't permit you to take those three photographs with you to the jury room.

[1]  Upon a request by the jury to examine materials admitted into evidence, the trial judge in the exercise of his discretion, after notice to the prosecutor and defendant, may permit the jury to examine such materials in the courtroom. G.S. 15A-1233(a). Here, however, the jury requested that they be permitted to take to the jury room photographs which had not been received in evidence as well as photographs which had been received. Upon such a request by the jury, the trial judge may in his discretion permit the jury to take to the jury room exhibits and writings which have been received in evidence if all parties to the action consent. G.S. 15A-1233(b). The controlling statute does not grant the trial judge authority to permit the jury to take exhibits or other materials which have not been received in evidence to the jury room under any circumstances. G.S. 15A-1233. Therefore, the trial judge's statement to the jury that he could not allow them to take the photographs which had not been received in evidence into the jury room because the defendant did not consent was an incorrect statement of the law.

The trial judge's view of the applicable law, which we have found incorrect, was in itself in no way harmful to the defendant. It led to a correct ruling that the jury could not take the photographs which had not been received in evidence into the jury room. In undertaking to state his reason for that ruling, however, we find that the trial judge committed error prejudicial to the defendant.

[2]  A trial judge is prohibited from expressing any opinion which is calculated to prejudice either of the parties at any time during the trial. G.S. 15A-1222 and 1232; *State v. Guffey*, 39 N.C. App. 359, 250 S.E. 2d 96 (1979); *State v. Whitted*, 38 N.C. App. 603, 248 S.E. 2d 442 (1978). *See State v. Frazier*, 278 N.C. 458, 180

S.E. 2d 128 (1971) (construing former G.S. 1-180). The slightest in-timation from the trial judge as to the weight or credibility to be given evidentiary matters will always have great weight with the jury, and great care must be exercised to insure that neither par-ty is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial. *State v. Wollard,* 227 N.C. 645, 44 S.E. 2d 29 (1947) (former G.S. 1-180). Not every in-discreet and improper remark by a trial judge is of such harmful effect as to require a new trial. *State v. Holden,* 280 N.C. 426, 185 S.E. 2d 889 (1972); *State v. Blue,* 17 N.C. App. 526, 195 S.E. 2d 104 (1973). Here, however, we find that the trial judge's explanation of his ruling excluding the photographs in question may have led the jury reasonably to conclude that he felt the photographs were im-portant evidence which the jury should see and which he would allow them to see but for defendant's act in withholding consent. The probable effect upon the jury determines whether the con-duct or language of the judge amounts to an expression of opinion which will entitle the defendant to a new trial. *See State v. McEachern,* 283 N.C. 57, 194 S.E. 2d 787 (1973) (former G.S. 1-180). When considered in light of its probable effect upon the jury, we find that the attempt by the trial judge to explain the reason for his failure to comply with the jury's request constituted an imper-missible expression of opinion in violation of G.S. 15A-1222 and 1232 which will require a new trial.

The defendant also contends that Judge Bailey erred in deny-ing his motion for a rehearing upon his pretrial motion to sup-press which had been previously denied. Our disposition of this case makes it unnecessary for us to discuss this contention other than to note that nothing alleged by the defendant in his motion for rehearing and supporting affidavits required Judge Bailey to rehear the motion which had previously been finally denied.

[3] The defendant additionally assigns as error Judge Farmer's denial of his pretrial motion to suppress certain evidence. During oral arguments, the State contended that Judge Farmer's order prior to the first trial of this action was not properly before this Court on appeal, as the defendant's appeal was taken from the final judgment of conviction entered by Judge Bailey at the end of the second trial. Although the defendant moved for a rehearing of his pretrial motion to suppress during the second trial of this action and that motion was denied, we find that Judge Farmer's

State v. Grogan

order denying the motion to suppress prior to the first trial was an order "finally denying a motion to suppress evidence" which could be brought forward as a part of an appeal from the later judgment of conviction. G.S. 15A-979(b).

Unlike an order granting a motion to suppress evidence in a criminal case, which is appealable prior to trial, an order denying a defendant's motion to suppress may be reviewed only after a judgment of conviction. In subsection (c) of G.S. 15A-979, the General Assembly specifically made orders of the superior court granting motions to suppress evidence appealable to the appellate division "prior to trial" if certain statutory prerequisites are present. In subsection (b) of that statute, on the other hand, the General Assembly chose to make orders finally denying a motion to suppress evidence reviewable "upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." The maxim *expressio unius est exclusio alterius* applies. Therefore, when the General Assembly granted the right to appeal orders finally denying motions to suppress "upon an appeal from a judgment of conviction," it impliedly prohibited appeals from such orders at any other time. *See In re Taxi Co.,* 237 N.C. 373, 75 S.E. 2d 156 (1953). *See also* Black's Law Dictionary 692 (4th ed. revised 1968). For this reason, it was only after the entry of the judgment of conviction by Judge Bailey in this action that the defendant could appeal from Judge Farmer's pretrial order denying his motion to suppress. After the entry of the judgment of conviction by Judge Bailey, the defendant's appeal from "the rulings and judgment of the Court" was sufficient to bring forward Judge Farmer's order for review by this Court as a part of this appeal. We find the defendant's appeal from Judge Farmer's order denying his motion to suppress to be an appeal of an order finally denying a motion to suppress evidence properly presented upon an appeal from a judgment of conviction.

[4] The defendant contends that the denial of his pretrial motion to suppress was erroneous as the judge made no findings of fact and failed to set forth in the record written findings of fact and conclusions of law. The judge is the finder of fact at the hearing on a motion to suppress evidence and must make written findings of fact and conclusions of law. G.S. 15A-977(d) and (f); *State v. Montgomery,* 33 N.C. App. 225, 234 S.E. 2d 434 (1977). The record before us on appeal indicates that no such written findings and

conclusions were made. Additionally, we are unable to say that the introduction of the evidence sought to be suppressed, which was comprised of certain items stolen during the two break-ins charged, was harmless to the defendant. Therefore, the pretrial order denying the defendant's motion to suppress is vacated and the issue remanded to the trial court to the end that a new hearing on the motion may be held prior to a new trial.

For error committed at trial as previously discused herein, we order a

New trial.

Judges MARTIN (Robert M.) and ERWIN concur.