STATE OF NORTH CAROLINA v. ROBERT EARL PARKER

No. 827SC807

(Filed 1 March 1983)

1. **Criminal Law § 66.4— lineup identification—in-court identification—admissibility in evidence**

   The trial court did not err in admitting into evidence a robbery victim's lineup and in-court identifications of defendant where the trial court conducted a voir dire hearing and made specific findings of fact regarding the victim's op-

State v. Parker

portunity to observe the robbers, and where there was no evidence on voir dire that showed any significant discrepancies between the victim's contemporaneous description of the robber and defendant's appearance at the time the robbery occurred, although discrepancies in identification did appear during the trial.

**2. Robbery § 4.3— armed robbery—sufficiency of evidence**

The evidence, including lineup and in-court identifications of defendant by the victim, was sufficient to support conviction of defendant for the armed robbery of a convenience store employee, although there were discrepancies in the evidence concerning defendant's height and weight and whether he wore a beard at the time of the robbery.

**3. Bills of Discovery § 6— voluntary discovery—failure to disclose prior conviction—cross-examination about conviction by State—motion for appropriate relief**

The trial court did not err in permitting the State to question defendant about a prior nonsupport conviction which had not been revealed to defense counsel pursuant to a request for voluntary discovery or in denying defendant's motion for appropriate relief based upon such cross-examination where the record reveals that the trial court was unaware that the nonsupport matter had not been revealed pursuant to the request for voluntary discovery or that the failure to disclose constituted defendant's basis for his objections to the questions on cross-examination, and where the issue was not presented in the motion for appropriate relief. G.S. 15A-1420(a)(1)(b); G.S. 15A-1420(b).

**4. Criminal Law § 126— instruction on unanimity of verdict—no impropriety**

The trial court's instruction that the jury should begin its deliberations with a view toward "reaching a unanimous verdict because it will not be a verdict until the twelve of you agree" did not imply that the option of not reaching a unanimous verdict was unavailable when the charge is considered as a whole.

**5. Criminal Law § 101.4— exhibits not in evidence—no examination by jury**

The trial court had no authority to permit the jury to examine or take to the jury room lineup photographs which had not been introduced into evidence. G.S. 15A-1233.

APPEAL by defendant from *Brown, Judge.* Judgment entered 26 January 1982 in Superior Court, NASH County. Heard in the Court of Appeals 8 February 1983.

Defendant appeals from a judgment entered upon a jury verdict finding defendant guilty of armed robbery.

*Attorney General Edmisten, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*Spruill, Lane, McCotter & Jolly, by Sarah F. Patterson, for defendant-appellant.*

HILL, Judge.

The State's evidence tends to show that on 3 September 1981, Sandra Cone was working alone in Langley's Expressway, a convenience market in Nash County, North Carolina. At approximately 11:15 p.m., two men entered the store. The defendant, Robert Earl Parker, grabbed her, held a gun to her head and pushed her into the stockroom where he forced her to open the safe. He thereafter took her to the store section and told her to open the cash register. The two men fled with $2,000. While the men were in the building, both the store and the stockroom were well lighted with fluorescent tube lights. The men were in the store 15 to 20 minutes. Ms. Cone described defendant to the sheriff's department as a clean-shaven black man wearing a work uniform and white tennis shoes.

On 26 October 1981, Ms. Cone was working at Benvenue Expressway, another convenience market in Nash County. She saw defendant sitting in a van parked in the store lot and recognized him as one of the men who robbed her at the Langley Expressway. About two hours later, she attended a lineup at the sheriff's department and identified defendant as one of the robbers. Defendant had agreed to participate in the lineup and to be photographed along with the other participants in the lineup.

At the trial of the case, the trial judge conducted a *voir dire* at which Ms. Cone and a deputy sheriff testified. The defendant offered no testimony at the *voir dire*, and the trial judge made findings of fact, conclusions of law, and entered an order allowing into evidence the pretrial and subsequent in-court identification.

Defendant offered evidence tending to show he was at his home with his girlfriend and their baby the evening of the robbery. Defendant's cousin and his housemate were present also. Defendant left home briefly to get some beer. Between 11:00 p.m. and 12:00 p.m., he borrowed a car to take his cousin home, and his girlfriend and his housemate went with them. He did not go to Langley's Expressway.

Defendant further testified, and offered corroborating evidence, that he had worn a beard for seven years. He admitted on cross-examination that he was $1,200.00 in arrears in his support payments for his two other children, and that he formerly had been convicted of nonsupport.

The jury returned a verdict of guilty, and defendant appeals from the judgment entered thereon. We find no error in the trial of the case.

[1] By his first assigment of error defendant argues the trial court erred by admitting into evidence the prosecuting witness's in-court and lineup identification of defendant. The argument is without merit.

Defendant offered no evidence in opposition to the evidence of identification by Ms. Cone at the *voir dire*. Although discrepancies in identification appeared during trial, the trial judge on *voir dire* had no evidence before him that showed any significant discrepancies between the witness's contemporaneous description of the robber and his appearance at the time the robbery occurred. The trial judge made specific findings of fact regarding the prosecuting witness's opportunity to observe the robbers. The findings are supported by competent evidence and are binding on this Court on appeal. *State v. Bright*, 301 N.C. 243, 271 S.E. 2d 368 (1980); *State v. Roberts*, 293 N.C. 1, 235 S.E. 2d 203 (1977).

[2] The defendant further argues that the trial judge's failure to dismiss for insufficiency of the evidence was error. We disagree.

Defendant presented evidence at the close of the State's evidence. By doing so, he waived his motion to dismiss at the close of the State's evidence. Thus, this Court would be limited to consideration of a motion to dismiss made at the close of all the evidence. *State v. Leonard*, 300 N.C. 223, 266 S.E. 2d 631, *cert. denied*, 449 U.S. 960, 101 S.Ct. 372, 66 L.Ed. 2d 227 (1980). Defendant failed to move for dismissal at the close of all the evidence and, instead, moved to dismiss after the jury returned its verdict of guilty. The Court is limited, therefore, to the sole question of whether the trial judge abused his discretion when he denied the motion. Where the record shows the evidence was substantial enough to submit the matter to the jury, no abuse of discretion is shown by denial of the motion. *State v. Hamm*, 299 N.C. 519, 263 S.E. 2d 556 (1980). We find that the trial judge acted within his discretion in denying defendant's motion.

Defendant argues that the identification of defendant was so inherently incredible as to require dismissal for insufficiency of the evidence. He points to *State v. Davis*, 297 N.C. 566, 256 S.E.

2d 184 (1979), in which the victim's contemporaneous identification varied from defendant's actual appearance.

While there appears to be variance in the evidence concerning defendant's height, weight and whether he wore a beard at the time of the robbery—all of which tend to weaken the probative force of the witness's testimony—the question of credibility was properly submitted to the jury. It has long been the rule in North Carolina that positive identification of the perpetrator of the crime by the prosecuting witness alone is sufficient to carry the case to the jury. *State v. Denny*, 294 N.C. 294, 240 S.E. 2d 437 (1978).

The evidence was adequate for submission to the jury. Defendant has shown no abuse of the trial judge's discretion. These assignments are overruled.

**(3)** Next, defendant argues that the trial judge erred in permitting the State to question defendant about his prior criminal record and by denying his motion for appropriate relief.

Defendant had submitted a written request to the district attorney for voluntary discovery of evidence to be used against defendant at trial as provided by G.S. 15A-902, *et seq.* The district attorney responded "orally" by providing defendant's attorney with a list of defendant's convictions, consisting principally of traffic violations. At trial, the district attorney questioned defendant about his nonsupport conviction. This conviction had not been disclosed by the district attorney to defendant's counsel prior to trial. Later, the district attorney advised attorney for defendant that he did not remember when he became aware of the nonsupport conviction and did not remember that it had not been disclosed. Defendant contends that failure to disclose the conviction acted as a bar to further questioning on this conviction. In the course of trial, defendant's attorney was denied the right to approach the bench on this matter. Defendant's appellate counsel contends that had defense counsel had the information in advance he could have elicited it on direct examination to minimize its effect, or have kept defendant from testifying altogether.

An examination of the record on appeal reveals that the trial court was unaware that the nonsupport matter had not been re-

vealed pursuant to the request for voluntary discovery or that the failure to disclose constituted defendant's basis for his objections to the questions on cross-examination. The issue was not presented in the motion for appropriate relief. G.S. 15A-1420(a)(1)(b) requires the defendant to set forth grounds for his motion for appropriate relief. G.S. 15A-1420(b) requires the motion to be supported by affidavit or other documentary evidence. Failure to do so presents no issue for review. Since the trial judge was unaware of this particular issue, his denial of defendant's motion for appropriate relief was clearly not an abuse of discretion.

[4] By his next assignment of error, defendant contends that the trial judge erred in his instructions to the jury regarding reasonable doubt. Defendant notes that the court instructed the jury to begin its deliberations with a view toward ". . . reaching a unanimous verdict because it will not be a verdict until the twelve of you agree." Defendant argues that the phrase "until the twelve of you agree" is deceptive because it implies that the option of not reaching a unanimous verdict is unavailable. Defendant argues that the trial judge erred by failing clearly to instruct the jury that reasonable doubt could arise in their minds either from insufficiency of the evidence or from conflicts in the evidence actually presented.

It is apparent from a reading of the entire charge that the jury was properly instructed. We note that the judge summoned both attorneys to the bench after the charge was given, and inquired whether they wished to request additional instructions. Neither attorney requested further instructions. Nor did defendant object to the instruction at trial. *See* N. C. Rules of Appellate Procedure, Rule 10(b)(2). Indeed, defendant later polled the jury, and there is no indication that any of the jurors was hesitant or equivocal in his individual determination of the defendant's guilt. The assignment is without merit.

[5] Finally, defendant contends that the trial judge erred in refusing to permit the jury to examine the photographs of the participants in the lineup. Defendant confuses evidence introduced in the voir dire with evidence introduced at trial. Although the photographs were identified at trial, they never were introduced into evidence. The trial judge has no authority to permit the jury to take exhibits or other materials to the jury room that

have not been received into evidence. G.S. 15A-1233; *State v. Grogan*, 40 N.C. App. 371, 253 S.E. 2d 20 (1979).

The defendant received a fair trial, free from prejudicial error.

No error.

Judges ARNOLD and WHICHARD concur.