State v. Morrison and State v. Templeton

## VII.

---

STATE OF NORTH CAROLINA v. ANDREW MORRISON

---

STATE OF NORTH CAROLINA v. RICKY TEMPLETON

No. 8222SC903

(Filed 5 July 1983)

**Criminal Law § 114.5— prejudicial statement of opinion in charge to jury**

The trial judge erroneously and prejudicially expressed an opinion as to defendant's guilt by instructing the jury that "I do not know and cannot explain to you why [defendant] is not charged with the felonious breaking or entering, after hearing the testimony." The statement suggests (1) that the trial judge assumed that certain facts had been established; (2) that the trial judge believed the unindicted "codefendant turned State's evidence"; and (3) that the trial judge, after hearing the evidence, believed that defendant should have been charged with the offense of felonious breaking or entering. G.S. 15A-1232.

Judge PHILLIPS dissenting.

APPEAL by defendants from *Washington, Judge.* Judgment entered 28 April 1982 in Superior Court, IREDELL County. Heard in the Court of Appeals 17 February 1983.

After a joint jury trial, both defendants were found to be guilty as charged in the separate bills of indictment against them — defendant Andrew Morrison of felonious larceny and defendant Ricky Templeton of felonious breaking and entering, and felonious larceny. The place broken into and entered was H & B Company in Statesville, and the merchandise stolen was plywood belonging to the company. The evidence as to the guilt of both defendants included the eyewitness testimony of George Knox, an accomplice, who admitted participating in that crime and many other thieveries as well. Knox testified that defendant Morrison approached him about stealing the lumber; that they went to see Templeton, who agreed to participate; and that he went with the two defendants to the lumber company's place of business, saw them break and enter the premises and haul off two small truck loads of plywood, which were taken to Lexington and sold to a remodeler of dilapidated houses for $800.

*Attorney General Edmisten, by Associate Attorney John R. Corne, for the State.*

*C. David Benbow, for defendant appellant Morrison.*

*Constantine H. Kutteh, for defendant appellant Templeton.*

BECTON, Judge.

Only two assignments of error have been brought forward for our consideration, one relating to the trial judge's instruction to the jury and the other relating to the district attorney's closing argument.

Defendant Morrison, who was not tried for breaking and entering as was codefendant Templeton, contends that the trial judge erroneously and prejudicially expressed an opinion as to his guilt by instructing the jury as follows:

> As to Andrew Morrison, the issues as to him deal with felonious larceny. I do not know and cannot explain to you why Andrew Morrison is not charged with the felonious breaking or entering, after hearing the testimony; but it is

not my function nor yours to decide what the charges should have been. . . .

Believing that an expression of judicial leaning is absolutely prohibited regardless of the manner in which it is expressed, we agree with defendant and hold that the trial judge's remarks were erroneous and prejudicial.

> G.S. 15A-1232 imposes upon the trial judge the duty of absolute impartiality and forbids *any intimation* of the judge's opinion *in any form whatsoever.* [Emphasis added.] [Cite omitted.] As a result of his exalted station and the respect for his opinion which jurors are presumed to hold, the trial judge must abstain from conduct or language which tends to discredit or prejudice the accused or his cause. It is of no consequence whether the opinion of the trial judge is conveyed to the jury *directly* or *indirectly.* . . . [Emphasis added.]

*State v. Whitted,* 38 N.C. App. 603, 605, 248 S.E. 2d 442, 443-44 (1978).

The State implicitly suggests that the only new thing the jury learned from the judge's statement was that the judge did not know either why Morrison had not also been indicted for the break-in by arguing that the statement's "probable impact upon the jury was to articulate a question already in the minds of the jury." The statement, however, suggests much more—for example, (i) that the trial judge assumed that certain facts had been established; (ii) that the trial judge believed George Knox, the unindicted "codefendant turned State's evidence"; and (iii) that the trial judge, after hearing the evidence, believed that Morrison should have been charged with the offense of felonious breaking or entering.

The trial judge's remarks were especially damaging considering the fact that the State called only three witnesses to prove its case: Frank Early, president of the building supply company; George Knox, the unindicted codefendant; and Sgt. Howard Brown, the police officer who took a statement from Knox. Knox's testimony was the sole evidence linking defendants to the crime. Sgt. Brown testified that there was no "other investigation other than the statements given by Knox with regard to Andrew Morrison and Ricky Templeton in this particular case."

Further, Knox's statement was fraught with inconsistencies. For example, his statement, given at a time[1] when the State apparently had no leads and when even Sgt. Brown knew that Knox "expected less than active time" on pending charges in another county, refers, on several different occasions, to four people's involvement in the planning, breaking, entry and larceny of the building supply company. Knox steadfastly maintained at trial, however, that he, Morrison and Templeton were the only people involved.

Moreover, although Knox admitted to the breaking, entering and larceny of ten to twelve other business establishments in Iredell County in July 1981, as of April 1982 he testified that he had not been charged with any of those offenses.

The jury, considering (i) Knox's admissions of prior bad acts; (ii) Knox's several prior convictions; (iii) Knox's prior inconsistent statement; and (iv) the lack of other evidence indicating that defendants were involved, may not have given much credence to Knox's testimony. Thus, the trial court's remarks and the inferences they suggest were prejudicially erroneous.

Because we grant defendant a new trial based on the foregoing analysis, it is not necessary to address defendant's assignment of error relating to the district attorney's closing argument.

New trial.

Judge ARNOLD concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

Though, in my belief, there is no more salutary and necessary rule in our system of jurisprudence than that which enjoins a trial judge from prejudicing a litigant by expressing an opinion or manifesting a leaning adverse to his interests before the jury, I am nevertheless constrained to conclude that the trial

---

1. The crime allegedly occurred on 1 March 1981; Knox's first statement was given on 7 July 1981; the defendants' preliminary hearing was held in October 1981; and defendants' trial was held in April 1982.

judge's comments in this instance were not of that character and did not have that effect. Had the remarks been made in a different context, such as Morrison being tried by himself, the effect may well have been very prejudicial, indeed, but in the context of this case I cannot believe that the remarks prejudiced Morrison in any way.

The two defendants, Morrison and Templeton, were being tried together for the same criminal incident. But though the evidence that the jury had heard and was to consider tended to show that Morrison had been just as active, if not more active, than Templeton in both the break-in and the larceny, and that the criminal undertaking was his idea and he invited Templeton to participate in it, Templeton was charged with both crimes while Morrison was charged only with larceny. In winding up his instruction to the jury as to Templeton, after covering both crimes charged, and in beginning his instructions as to Morrison, the judge's complete remarks were as follows:

> Those are the issues as to Ricky Templeton, there being four. You will answer either the first or the second issue, and you will answer either the third or the fourth issue.
>
> As to Andrew Morrison, the issues as to him deal with felonious larceny. I do not know and cannot explain to you why Andrew Morrison is not charged with the felonious breaking or entering, after hearing the testimony; but it is not my function nor yours to decide what the charges should have been. It is our function to try the case on the evidence presented here in this Court; and, as to Andrew Morrison, the first issue is whether he is guilty of felonious larceny of goods belonging to H and B Company of Statesville, Inc., on or about March 1, 1981; and I must repeat what I have told you about Mr. Templeton as to the issues there.

Having heard the evidence, which, if anything, was stronger against Morrison on all points than it was against Templeton, and but a moment before having heard the judge explain and apply the law of breaking and entering, but only to Templeton, the jury already knew that Morrison *could* have been charged with breaking and entering like Templeton was. Jurors are not automatons who think only when programmed. Being of normal intelligence the jury could not have helped but been wondering why Morrison

wasn't being tried for everything that Templeton was, and the only new thing that they learned from the judge's remarks was that he didn't know either. Telling the jury that and directing their attention away from that problem to the one offense that Morrison was being tried for and reminding them of their duty in regard to it, as the judge did, if not necessary, was certainly not inappropriate, in my opinion, and was more likely beneficial, rather than detrimental, to Morrison.

The judge said nothing in my view that could have led the jury to believe that he accepted the evidence as true or thought that they should. My conviction that the remarks were harmless is buttressed by the fact that Templeton, who was not burdened with any untoward remarks by the judge, was also found guilty, though the evidence against him was not quite as strong as it was against Morrison.

Therefore, I vote no error.