STATE OF NORTH CAROLINA v. HARRY MITCHELL SIDBURY

No. 8216SC1192

(Filed 20 September 1983)

**Criminal Law § 99.1— expression of opinion on evidence by trial judge—prejudicial error**

> The trial court expressed an impermissible opinion on the evidence in a prosecution for armed robbery where defendant's wife testified that her husband was a professional poker player and that her husband always wore a glove on his crippled right hand at which point the court queried: "Something I need to know: When he plays cards, does he deal with his glove on?"; and where a medical expert testified that it would have been very difficult for defendant to hold the pistol with his right hand and that he could not grip the gun by curling his finger, and where the court dismissed the jurors for the day, giving them the usual admonitions and further advised: "Do not try to play cards with gloves on." Whether the defendant had the strength and dexterity in his right hand to handle a gun in the manner described by a motel clerk was a highly contested issue in the case, and by its impromptu question to defendant's wife and by the court's remark to the jurors, the trial court's comments and conduct in the case constituted prejudicial error.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 24 March 1982 in Superior Court, ROBESON County. Heard in the Court of Appeals 31 August 1983.

Defendant was tried a second time and convicted of armed robbery on 22 March 1982 after a first trial ended in a hung jury. He was sentenced to 30 years in prison.

*Attorney General Edmisten, by Associate Attorney General William N. Farrell, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant appellant.*

BECTON, Judge.

I

The issues on appeal concern whether certain of the trial court's statements and conduct constituted an impermissible expression of an opinion, and whether evidence that defendant refused to participate in a lineup was erroneously admitted. For the following reasons, we hold that defendant is entitled to a new trial.

## II

The State's evidence tended to show that on the night of 16 September 1981, the Family Inns of America motel was robbed of $259.00 by a black male armed with a handgun. The motel clerk on duty identified the defendant as the robber. About the time of the robbery, a witness saw a black male driving a brown 1973 Catalina with a tan top and the headlights off, leaving a Gulf station near the motel. The next day, the North Carolina Highway Patrol stopped the defendant in a vehicle fitting that description. With defendant's consent, the officers searched the vehicle and found a .357 caliber revolver tucked underneath an armrest and $680.00 in cash.

The defendant's evidence tended to show that he was at home playing cards during the time the robbery was committed, and that it would have been difficult for him to handle a gun with his right hand due to a crippling injury to that hand. Defendant further testified that he is left-handed.

## III

Defendant first contends that certain of the trial court's statements and actions denied defendant a fair trial. We agree.

Defendant's wife testified that her husband was at home playing cards with her on the night of the robbery; that her husband was a professional poker player; and that her husband always wore a glove on his crippled right hand. The court then queried: "Something I need to know: When he plays cards, does he deal with his glove on?" She answered yes. A medical expert subsequently testified that it would have been very difficult for defendant to hold a pistol with his right hand and that he could not have gripped the gun by curling his finger. At the conclusion of the expert's testimony, the court dismissed the jurors for the day, giving them the usual admonitions and further advised: "Do not try to play cards with gloves on."

Trial judges are prohibited from expressing an opinion by N.C. Gen. Stat. § 15A-1222 (1978). They must be careful in what they say and do because a jury looks to the court for guidance and picks up the slightest intimation of an opinion. It does not matter whether the opinion of the trial judge is conveyed to the jury directly or indirectly as every defendant in a criminal case is

entitled to a trial before an impartial judge and an unbiased jury. *State v. Whitted*, 38 N.C. App. 603, 248 S.E. 2d 442 (1978). While not every improper remark will require a new trial, a new trial may be awarded if the remarks go to the heart of the case. *Id.*

Whether defendant had the strength and dexterity in his right hand to handle a gun in the manner described by the motel clerk was a hotly contested issue in the case. By its impromptu question to the witness, the court brought it to the jury's attention that defendant was able to deal cards with gloves on. The seed was thus implanted in the jurors' minds to question defendant's inability to handle a gun as opposed to his ability to deal cards with his glove on. The court indirectly reminded them of this seeming inconsistency by its statement at the end of the day.

The court's remark may have been intended as humor, but it missed the mark when viewed from the standpoint of justice and fair play. *See State v. Guffey*, 39 N.C. App. 359, 250 S.E. 2d 96 (1979). Perhaps the court's statement could be defended as a legitimate admonishment to the jurors not to conduct an experiment. However, if one juror interpreted the court's remarks as questioning the credibility of defendant's evidence, that was one juror too many.

In addition, the court hindered the defendant's cross-examination of the motel clerk, the State's key witness. At a preliminary hearing and at the first trial, the clerk testified that the robber was holding a gun with his right hand. At the present trial, the clerk testified, for the first time, that she could not say which hand the robber had used. Defendant's counsel was attempting to get the clerk to admit that this was the first time she had testified to any doubt about which hand the robber used when the court interrupted: "This isn't the first time." Although the court went on to say that counsel had asked the question three times, the statement also impermissibly suggests to the jury that this was not the first time the witness had expressed doubt about the hand used.

Improper remarks or conduct by trial judges are sometimes harmless. In this case, however, the eyewitness testimony was not overwhelming. Indeed, the first trial ended in a hung jury. These factors alone suggest that a trial court should be particularly cautious in its comments and conduct of trial, including

the admission of evidence. The trial court's comments and conduct in this case constitute prejudicial error.

IV

Whether defendant was told by Detective Phillips that he had a right not to be in a line-up is insufficiently developed in the record for us to address that issue. Further, because we are ordering a new trial, defendant's assignments of error relating to his sentencing have been rendered moot.

New trial.

Judges JOHNSON and BRASWELL concur.