STATE OF NORTH CAROLINA,
v.
ANTHONY ARRINGTON.
No. COA09-660.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Oliver G. Wheeler, IV, for the State.
M. Alexander Charns for defendant appellant.
ROBERT N. HUNTER, Jr., Judge.
Anthony Arrington ("defendant") appeals his convictions for two counts of first-degree rape of a child, two counts of indecent liberties with a child, and one count of first-degree sex offense with a child. Defendant has properly preserved, assigned error, and appropriately argued only two issues: (1) whether the trial court erred in expressing an opinion concerning evidence of defendant's honesty, and (2) whether the trial court erred in denying defendant's motion to dismiss the charges at the close of all the evidence. After careful review, we find no error.

FACTS
The facts relevant to the consideration of this appeal show the following.
Defendant and Sheryl Arrington were married on 25 December 2002. Sheryl Arrington's seven-year-old niece, J.W., was living with her at the time of the marriage, and J.W. continued to reside with the Arringtons until she moved to Maryland in August 2003. Thereafter, J.W. spent part of her summer vacations with the Arringtons in North Carolina.
J.W. testified at trial that shortly after her aunt's marriage, defendant began kissing her, then kissing her with greater frequency, and then touching her breasts over her clothes when her aunt was not at home. The progression eventually led to defendant touching J.W.'s private area over her clothes. J.W. testified that she did not report these events to anyone.
In the summer of 2003, before J.W. and her father moved to Maryland, defendant took J.W. to his former residence to help him move boxes. While there, defendant pushed her onto a bed in a bedroom located in the rear of the former residence. Defendant pulled down J.W.'s pants and underwear to her ankles, and then while holding both her hands in his left hand, he unzipped his pants, took out his penis, and inserted it into her vagina. J.W. described the penis as uncircumcised.
In September 2003, J.W. moved to Maryland with her father but visited her aunt and defendant from the beginning of July until the second week of August 2004. During this time, J.W. testified that defendant continued to touch her and request oral sex. J.W. stated at trial that on one occasion she and defendant watched pornographic movies, while defendant performed oral sex on her for ten minutes. This incident occurred, according to J.W., in August 2004 before the start of school.
Returning in the summer of 2005, J.W. testified that defendant forced her to touch his penis, and moved her hand in a "jerk motion." In another incident, J.W. testified that defendant grabbed her, started kissing her, held her down, and inserted his penis in her vagina for ten minutes while moving up and down. She further testified that after these events, defendant told J.W. that he loved her, that they had a special bond, and that she should not tell anybody.
Defendant testified that he looked upon J.W. as a daughter, and that he never had sexual relations with her. Sheryl Arrington testified that she and J.W. had a mother-daughter type bond, and that J.W. would confide in her if she was uncomfortable with something. Ms. Arrington knew the signs of sexual molestation because of a prior experience with her own children, and she stated that she saw none of these signs in J.W. during the time she stayed with them. She testified that J.W. never expressed any of these concerns to her. During their marriage, Ms. Arrington testified that defendant never did anything to make her think that he was being dishonest or deceptive. Further evidence of defendant's honesty was offered at trial from some of defendant's friends and a coworker.
The State did not provide any scientific evidence, including testimony from a medical professional. No psychological evidence was presented.
The jury convicted defendant of two counts of first-degree rape of a child, two counts of indecent liberties with a child, and one count of first-degree sex offense with a child. The sentences imposed were: a minimum of 240 months to 297 months for first-degree rape and indecent liberties (08 CRS 003237); a minimum of 240 months to 297 months for first-degree rape and indecent liberties (07 CRS 053462), beginning at the expiration of the sentence imposed for 08 CRS 003237; and a minimum of 240 months to 297 months for first-degree sex offense with a child. The court additionally required defendant to register as a sex offender, and be subject to GPS monitoring for his lifetime.

ANALYSIS

I.
Defendant argues that the trial judge erred in expressing an opinion about evidence regarding defendant's honesty in front of the jury. We disagree.
On direct examination of Ms. Arrington, the following exchange occurred:
[Defense Counsel:] Okay. And based on your length of time, your length of residence in the community, your interactions with Anthony Arrington in the community, as well as by virtue of your prior marriage, have you had the opportunity to form an opinion as to his reputation for honesty?
A. Yes.
Q. Okay. And what is that opinion?
A. It is in my opinion that the defendant, Anthony Arrington, is an honest person. He's a caring person. He's a kind person.
THE COURT: He didn't ask you any of that, ma'am.
A. Okay.
THE COURT: He asked you about honesty.
A. Honesty[,] he's an honest 
THE COURT: Which is not relevant to this case, by the way. She's answered the question.
Q. All right. Based on your interactions within the community, have you had the opportunity to form an opinion as to his reputation for trustworthiness?
A. Yes.
Q. Is he a trustworthy person?
A. Yes.
Defendant contends that the sua sponte comment of the judge regarding the relevancy of defendant's reputation for honesty in the community is an improper judicial statement of opinion prohibited by N.C. Gen. Stat. § 15A-1222 (2009) and State v. Sidbury, 64 N.C. App. 177, 306 S.E.2d 844 (1983).
N.C.G.S. § 15A-1222 provides: "The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." In Sidbury, the trial court asked a question of the defendant's wife with regard to the use of the defendant's right hand when he played poker. Sidbury, 64 N.C. App. at 178, 306 S.E.2d at 845. The strength and dexterity of the defendant's right hand was a factual issue in that case, because the defendant asserted that he was unable to hold a gun in his right hand. Id. at 179, 306 S.E.2d at 845. This Court held:
By its impromptu question to the witness, the court brought it to the jury's attention that defendant was able to deal cards with gloves on. The seed was thus implanted in the jurors' minds to question defendant's inability to handle a gun as opposed to his ability to deal cards with his glove on. The court indirectly reminded them of this seeming inconsistency by its statement at the end of the day.
Id. at 179, 306 S.E.2d at 845.
Sidbury follows our case law in examining a judge's remarks in the totality of the circumstances to determine whether a remark offends the statute. State v. Larrimore, 340 N.C. 119, 155, 456 S.E.2d 789, 808 (1995). Not every improper remark made by the trial judge requires a new trial. State v. Guffey, 39 N.C. App. 359, 361, 250 S.E.2d 96, 97 (1979). "When considering an improper remark in light of the circumstances under which it was made, the underlying result may manifest mere harmless error." State v. Summerlin, 98 N.C. App. 167, 174, 390 S.E.2d 358, 361 (1990). On the other hand, "[e]ven if it cannot be said that a remark or comment is prejudicial in itself, an examination of the record may indicate a general tone or trend of hostility or ridicule which has a cumulative effect of prejudice." State v. Staley, 292 N.C. 160, 165, 232 S.E.2d 680, 684 (1977). In order to merit a new trial on appeal, a defendant must demonstrate that the remarks deprived him of a fair trial, and that he was prejudiced by a judge's remark. See State v. Howard, 320 N.C. 718, 723, 360 S.E.2d 790, 793 (1987).
Here, defendant contends that given the lack of other eyewitness testimony or physical corroborating evidence, "honesty" was the only factual issue to be determined by the jury. He further contends the prejudice of this remark was enhanced by other misconduct on the part of the judge which favored the prosecution. For example, the court allowed, without sua sponte correction, J.W.'s father to call defendant a "predator" where no objection was raised. The court also allowed a witness to testify that "a child would not lie about that" where no objection was presented. We disagree that the disputed remark or any other combination of remarks and conduct in the record show that defendant failed to receive a fair trial.
"[A] trial court generally is not impermissibly expressing an opinion when it makes ordinary rulings during the course of the trial." State v. Weeks, 322 N.C. 152, 158, 367 S.E.2d 895, 899 (1988). "The trial judge also has the duty to supervise and control a defendant's trial, including the direct and cross-examination of witnesses, to ensure fair and impartial justice for both parties." State v. Fleming, 350 N.C. 109, 126, 512 S.E.2d 720, 732 (1999). With regard to the admission of evidence, a trial court has broad discretion and "this Court will not interfere with the exercise of his duty to control the conduct and course of a trial absent a showing of manifest abuse." See State v. Lednum, 51 N.C. App. 387, 389, 276 S.E.2d 920, 922 (1981). Concerning relevancy in particular, this Court has recognized that some comments can be "innocuous" under section 15A-1222. See State v. Joyce, 97 N.C. App. 464, 471, 389 S.E.2d 136, 140-41 (1990) (trial court's statement of "How in the heck can that be relevant to this case?" held to be "innocuous" under section 15A-1222 within context of trial).
Unlike Sidbury, the totality of the circumstances in this case shows that the judge's remarks did not prejudice defendant. Perhaps it would have been a better practice for the judge to await an objection from the prosecutor, however, it is within his discretion to control the trial. Our reading of the record shows that the judge was concerned about the relevancy of the witness's unsolicited opinion regarding the "caring" and "kind" nature of defendant. It is difficult to see how defendant was prejudiced by the remarks of the judge, since the judge admitted not only the evidence of defendant's honesty, but also the evidence of his caring and kind nature. The prosecutor never objected to these unsolicited remarks, nor did the court strike the remarks and give a limiting instruction. The evidence was received by the jury, and was favorable to defendant.
We also disagree with defendant's contention that "honesty" was the sole factual issue to be determined by the jury. Clearly, the credibility of witnesses in any litigation is important, but it is not necessarily an element of the crime. Here, honesty is not expressly or impliedly part of the elements in the crimes prosecuted. Thus, the trial court correctly stated that "honesty" was not relevant to the prosecution's case. Instead, honesty goes to the weight of the evidence, and the extent to which the evidence compels the jury. The trial court's comment as to defendant's evidence concerning honesty did not decrease the weight of this evidence presented to the jury, and was concisely aimed toward directing the flow of evidence at trial. This was clearly within the discretion of the trial court.
Furthermore, if the honesty of defendant was, in fact, critical to the defense, defendant should have requested a jury instruction on the issue of evidence of defendant's character. See N.C.P.I., Crim. 105.60 (2009). Defendant failed to do so. Lacking evidence that such prophylactic action was taken by defense counsel at trial to have the judge instruct on this issue, it is difficult on appeal to give credit to defendant's contention that this was the sole issue upon which his conviction was obtained. This assignment of error is overruled.

II.
Defendant contends that the trial court failed to follow the statutory procedure contained in N.C. Gen. Stat. § 15-166 (2009) in closing the courtroom before instructing the jury.
We need not decide this issue since no objection was raised at trial as required by Rule 10 of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 10(a)(1) (2010) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."). Defendant did not object to the closing of the courtroom, and therefore, his objection was not first considered by the trial judge. This assignment of error is dismissed.

III.
Defendant claims that the trial court erred by denying defendant's motion to dismiss the charges at the close of all the evidence, because insufficient evidence was presented at trial to submit the question to the jury. We disagree.
The standard of review in reviewing a trial court's decision to deny a defendant's motion to dismiss for lack of sufficiency of the evidence is well established.
[I]n a criminal action, all of the evidence, whether competent or incompetent, must be considered in the light most favorable to the state, and the state is entitled to every reasonable inference therefrom. Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. In considering a motion to dismiss, it is the duty of the court to ascertain whether there is substantial evidence of each essential element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted).
Applying this standard to the facts recited above, it is clear that the evidence adduced at trial clearly meets the substantial evidence standard. Defendant's arguments regarding the troubling lack of physical evidence, the memory failures of witnesses, and the complexity of family relationships were all presented to the jury. It was their province to consider the evidence, and the court properly denied defendant's motion under this standard of review. This assignment of error is overruled.
No error.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).